Philip J. Giles, State Bar #30340
David B. Nelson, State Bar #34100
Ryan M. Deutsch, State Bar #38776
**ALLEN, JONES & GILES, PLC**
1850 N. Central Ave., Suite 1025
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: pgiles@bkfirmaz.com
dnelson@bkfirmaz.com
rdeutsch@bkfirmaz.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| NORTH COUNTRY HEALTHCARE, INC., | Case No. 3:25-bk-12293-DPC |
| Debtor. | **EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES** |
| | **Expedited Hearing Requested** |

North Country HealthCare, Inc. ("NCHC" or "Debtor"), the debtor and debtor-in-possession in the above-captioned bankruptcy case, hereby moves the Court on an emergency basis for interim and final orders: (a) finding that the Utility Providers (defined below) have been provided with adequate assurance of payment within the meaning of Bankruptcy Code § 366,[1] pending the entry of a final order; (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of prepetition amounts outstanding or the commencement of this case; (c) determining that

---

[1] Unless indicated otherwise, (*i*) statutory citations refer to the U.S. Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532; (*ii*) rule citations shall refer to the Federal Rules of Bankruptcy Procedure ("Rule"), 1001-9037, and (*iii*) local rule citations shall refer to the Local Rules for the U.S. Bankruptcy Court for the District of Arizona ("LBR").

Debtor is not required to provide any additional adequate assurance beyond what has been provided; and (iv) providing a procedure in which a Utility Provider may seek further adequate assurance to the extent a Utility Provider disputes the sufficiency of such. As discontinuation of essential utilities would impact its ability to provide medical care to its patients as well as perform other essential operations resulting in immediate and irreparable harm to the estate, the Debtor seeks entry of an interim order prohibiting Utility Providers from altering, refusing, or discontinuing services until on the basis of adequate assurance of payment until final adjudication by the Court. This Motion is supported by the following memorandum of points and authorities and the previously filed *Declaration of Anne Newland in Support of First Day Motions* (the "Newland Declaration") [ECF No. 16].

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS**

1. On December 19, 2025 (the "Petition Date"), NCHC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. NCHC is authorized to operate its business as debtor-in-possession pursuant to Code §§ 1107 and 1108. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are Code §§ 105(a), 366, 502, 541, 1107 and 1108.

3. No trustee or examiner has been appointed in the case, and no official committee of unsecured creditors has been established.

4. A more detailed background and summary of NCHC and its current operations is set forth in the Newland Declaration, which is incorporated by this reference in its entirety. In summary, the Debtor is a nonprofit, federally qualified

-2-
Case 3:25-bk-10293-DPC    Doc 68    Filed 01/09/26    Entered 01/09/26 13:56:11    Desc
Main Document    Page 2 of 14

community health center (FQHC) headquartered in Flagstaff, Arizona, with clinics in 10 communities throughout northern Arizona. The Debtor maintains clinics in Flagstaff, Grand Canyon, Holbrook, Kingman, Lake Havasu City, Payson, Springerville, Show Low, Williams, and Winslow. The Debtor is closing its Bullhead City location. *See Motion to Reject Commercial Lease* at ECF No. 51.

5. The Debtor's mission is to provide quality and affordable healthcare to those in the medically underserved rural communities of northern Arizona. The Debtor finds support through charitable donations, grants and government payor programs.

6. Beginning in January 2024, the Debtor began facing many financial challenges. Recognizing it would not be able to survive in its current state, the Debtor began looking to other options, including a bankruptcy filing, to reorganize or sell its operations.

7. In time, the Debtor determined it a sale was the only viable option. After multiple discussions and committing due diligence, El Rio Health agreed to acquire certain of the Debtor's assets so that it could carry on Debtor's mission in providing medical services to NCHC's patients. To help accomplish the sale, The NARBHA Institute and Northern Arizona Health agreed to fund the DIP Loan to aid in Debtor's sale process in a chapter 11 proceeding. *See, e.g.,* ECF Nos. 14 and 42.

8. Because of its multiple locations spread throughout northern Arizona, NCHC currently utilizes services from APS, Mohave Electric Cooperative, and Navopache Electric Cooperative for electricity, and Unisource gas-electric; Frontier for phone service and internet service; and the Cities of Flagstaff, Holbrook, Show Low, Williams, the Town of Springerville Water Dept., and Lake Havasu City for water; and Waste Management for trash (collectively, the "<u>Utility Providers</u>").

9. Generally, NCHC remained current or substantially current with its utility obligations prepetition, with many on autopay either through ACH or a corporate credit

card, and NCHC believes it has a positive prepetition payment history with each of the Utility Providers.

10. NCHC represents that it has sufficient cash flow to pay promptly all of its obligations for post-petition utility services on a timely ongoing basis and in the ordinary course of its business. NCHC will pay all post-petition utility bills when they are due in accordance with the payment terms that were in effect before the Petition Date. NCHC's operating budget contemplates payment of utilities. *See* ECF No. 38 at 11.

11. NCHC believes that its history of prompt prepetition payment of its utility bills, assurance of its ability to pay future utility bills, and willingness to fund either a security deposit or pre-pay the estimated utility consumption constitutes adequate assurance to each Utility Provider of payment for all future services.

12. NCHC has already reached agreements regarding adequate assurance with multiple of its Utility Providers including but not limited to, APS, Navopache, and Frontier. NCHC also received confirmation from others that utilities will remain on. NCHC, generally has proposed adequate assurance to its Utility Providers in line with the terms stated in this Motion but has yet to receive confirmation of a final agreement with all of them. Nonetheless, NCHC has remitted and is remitting payment to each of the Utility Providers to serve as either the security deposit or prepayment of utility services from December 19, 2025 through January 31, 2026.

## II. REQUESTED RELIEF.

By this Motion, NCHC seeks interim and final orders (i) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of prepetition invoices or by operation of the filing of this case; (ii) authorizing NCHC to provide the Utility Providers "adequate assurance of payment" within the meaning of Code § 366, including either the a security deposit or prepayment of estimated utility consumption, if required by the Utility Provider in addition to Debtor's assurance of prompt payment for

post-petition utility services; (iii) providing that if a Utility Provider objects to such form of adequate assurance by requesting in writing within twenty-one (21) days after entry of the Order on this Motion additional adequate assurance that NCHC believes is unreasonable, NCHC or the Utility Provider may file a separate motion for determination of adequate assurance of payment as to such Utility Provider ("Determination Motion") and request a hearing at the Court's discretion; (iv) providing that if a Utility Provider does not timely request additional adequate assurance, that Utility Provider shall be deemed to have adequate assurance under Code § 366; and (v) providing that any objecting Utility Provider shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with such Determination Motion.

## III. ADEQUATE ASSURANCE OF PAYMENT.

NCHC currently utilizes electric, water, telephone, gas, and internet services provided by the Utility Providers in its operations which focus on providing medical services in medically underserved communities. Any interruption in the utility services—temporary or permanent—would prove devastating to NCHC's operations. Moreover, any discontinuation of utility services at NCHC's locations, even if temporary, would undermine NCHC's reorganization and sale efforts and may prejudice patient care.

As previously noted, NCHC has a positive prepetition payment history with each of the Utility Providers. By example only, the first fourteen proofs of claim filed in this case are in favor of APS. The APS claims demonstrate NCHC was current with its ordinary course obligations due to APS as of the Petition Date, and they reflect prepetition charges that had accrued but were not yet billed or invoiced to the Debtor or were otherwise within ordinary payment terms as of the Petition Date. APS and the Debtor have since reached an agreement with NCHC on adequate assurance of payment.

-5-
Case 3:25-bk-10293-DPC    Doc 68    Filed 01/09/26    Entered 01/09/26 13:56:11    Desc
Main Document    Page 5 of 14

For these reasons, NCHC intends to continue with its trend of timely paying its utility obligations and believes that it will have sufficient cash flow to pay promptly all post-petition utility obligations in the ordinary course of business.

To comply with Code § 366, NCHC has paid or in the process of paying adequate assurance of payment in two alternatives, each separately constituting adequate assurance under Code § 366(c)(1)(A). First, a security deposit to each of its Utility Providers that it has not already reached an agreement with equal to the average value of one month's use of utilities. Alternatively, the Debtor has offered prepaying for its estimated consumption of utility services from December 19, 2025 through January 31, 2026. The Debtor has remitted and continues to remit these payments to the Utility Providers and anticipates reaching reach final agreements with them as to how they are treated within the coming days. Accordingly, NCHC's history of prompt prepetition payment of outstanding utility bills demonstrates the ability to pay future utility bills, and its offer of adequate assurance to its Utility Providers for all future services is in line with Code § 366.

## IV. LEGAL ANALYSIS.

"Adequate assurance of payment" does not mean an absolute guaranty of payment nor does it require NCHC to furnish the deposit approved or required by a state regulatory commission. *See In re Santa Clara Circuits West, Inc*., 27 B.R. 680, 685 (Bankr. D. Utah 1982). Adequate assurance of payment simply means that the utility should not be subjected to an unreasonable risk of future loss. *Id*. In addition, adequate assurance need not be given in the form of a cash deposit. Code § 366 explicitly provides that adequate assurance of payment may be furnished in the form of a deposit or other security, so that a cash deposit is not required in every case. *See In re Astle*, 338 B.R. 855 (Bankr. D. Idaho 2006) (holding that a first position, secured lien was adequate assurance of payment for future electric service, and was sufficient to satisfy the

definition of "assurance of payment" under BAPCPA); *In re George C. Frey Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980) (holding that an administrative expense priority coupled with a procedure for payment of all post-petition bills within 10 days of receipt constituted adequate assurance of future payment).

The Court has "reasonable discretion" to determine what constitutes adequate assurance of payment for future services. *In re Astle*, 338 B.R. at 86. Moreover, the interests of utility providers should be balanced against the rehabilitative purpose of Chapter 11 in a manner that does not impose too great a financial burden on debtors. *See In re 499 W. Warren Street Assoc., Ltd.*, 138 B.R. 363, 365 (Bankr. N.D. N.Y. 1991).

In this case, NCHC meets these criteria and, accordingly, payment of future utility services is adequately assured by operation of NCHC's proposal to the Utility Providers. NCHC has and continues to remit payment in an amount sufficient to serve as a security deposit or prepayment of estimated usage, whichever is more efficient and economical, to its Utility Providers to ensure post-petition utilities remain active.

Further, NCHC must point out that the timeline for this case and NCHC's continued operations is expected to be short. As the Court is aware, NCHC seeks approval of an asset sale to El Rio Health, that will enable El Rio to take over NCHC's operations and continue providing the medical services that NCHC currently provides. The hearing on that sale is scheduled for January 15, 2026. If the sale is approved, NCHC expects the sale will close within 60 days following entry of the sale order. On or shortly after closing, any the post-petition utility accounts will either transfer to El Rio,[2] or El Rio will open its own utility accounts once in control of NCHC's former operation. This estate will not require utilities beyond this point in time, and NCHC will only remain obligated for its usage of utilities through closing. For these reasons, the

---

[2] NCHC will remain responsible for all utility consumption obligations prior to the El Rio sale closing.

Debtor believes the proposed adequate assurance is not only compliant with Code § 366, but no additional assurance should be required since the Debtor only requires post-petition utility usage for a very short term.

V. **CONCLUSION**.

Based on the foregoing, NCHC respectfully requests that the Court enter an Order granting the relief requested in this Motion and granting such additional and further relief as is necessary and appropriate under the circumstances of this case. A proposed form of an interim order is attached hereto as **Exhibit A**.

RESPECTFULLY SUBMITTED this 9th day of January 2026.

**ALLEN, JONES & GILES, PLC**

*/s/ PJG #30340*
Philip J. Giles
David B. Nelson
Ryan M. Deutsch
1850 N. Central Ave., Suite 1025
Phoenix, AZ 85004
*Attorneys for Debtor*

**E-FILED** on January 9, 2026 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

**COPY** e-mailed the same date to:

| | |
|---|---|
| Edward K. Bernatavicius<br>OFFICE OF THE U.S. TRUSTEE<br>230 N. First Avenue, Suite 204<br>Phoenix, AZ 85003<br>edward.k.bernatavicius@usdoj.gov<br>*U.S. Trustee* | Janel M. Glynn<br>The Burgess Law Group<br>3131 E. Camelback Road #224<br>Phoenix, AZ 85016<br>janel@theburgesslawgroup.com<br>dana@theburgesslawgroup.com<br>angie@theburgesslawgroup.com<br>*Attorneys for El Rio Health* |
| Steven D. Jerome<br>Emily Ildar Yaron<br>SNELL & WILMER, LLP<br>1 East Washington, Suite 2700<br>Phoenix, AZ 85004<br>sjerome@swlaw.com | Scott A. Zuber<br>CSG LAW<br>105 Eisenhower Parkway<br>Roseland, NJ 07068<br>szuber@csglaw.com<br>*Attorneys for Cardinal Health* |

| | |
|---|---|
| eyaron@swlaw.com<br>pshanahan@swlaw.com<br>docket@swlaw.com<br>*Attorneys for The NARBHA Institute* | |
| Khaled Tarazi<br>Buchalter<br>15279 N Scottsdale Road, Suite 400<br>Scottsdale, AZ 85254<br>ktarazi@buchalter.com<br>*Attorney for McKesson Corporation* | Robert P. Harris<br>Kaitlyn T. Swift<br>Quarles & Brady, LLP<br>Two North Central Avenue, Suite 600<br>Phoenix, AZ 85004<br>robert.harris@quarles.com<br>Kaitlyn.swift@quarles.com<br>*Attorneys for Northern Arizona Health* |
| Jody A. Corrales<br>DeConcini McDonald<br>Yetwin & Lacy, P.C.<br>2525 East Broadway, Suite 200<br>Tucson, AZ 85716<br>jcorrales@dmyl.com<br>*Attorney for Avatar Arizona Med Portfolio, LLC* | Jessica Bagdanov<br>BG Law, LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>jbagdanov@bg.law<br>*Pro Hac Vice Counsel for Avatar Arizona Med Portfolio, LLC* |
| Alan A. Meda<br>BURCH & CRACCHIOLO, P.A.<br>1850 North Central Avenue, Suite 1700<br>Phoenix, Arizona 85004<br>ameda@bcattorneys.com<br>*Attorneys for Square Peg Development, LLC* | Samuel G. Coppersmith<br>Chelsea Sage Gaberdiel<br>Coppersmith Brockelman PLC<br>2800 N Central Avenue, Suite 1900<br>Phoenix, AZ 85004-1241<br>scoppersmith@cblawyers.com<br>cgaberdiel@cblawyers.com<br>*Attorneys for Williams Hospital District* |
| Aaron T. Martin<br>Martin Law & Mediation PLLC<br>11811 N. Tatum Blvd., Suite 3031<br>Phoenix, AZ 85028<br>aaron@martinlawandmediation.com<br>*Attorney for Samantha Withers, Eugenia Higley, Tiffany Hull, Gayle Walker-Parrish, Colleen Savage, Brianna Savattere, Arlene Sanchez Rodriguez, Suzanne Barrow, Terilyn Brasher, Savanna Spry, Emmalyne Musser, Tatum Carlson, Barbara Crow, Denise Buchanan, Savanna Baker, Mark Walsh, Michael Edwards and Mary Edwards, Nicole Kelly-Gordon, Elizabeth Bloodsaw, Danelle Jackson, Donna D'Agostino, Lisa Blasko, Justin Dorotheo and Allegra Dorotheo, Mackenzie Scrivner, Caitlynn Stevenson, Jane Stevenson, Forrest Estep, Astrid* | |

1. *Lopez, Vonceil Sanchez, Christopher Hochuli, Jeannette Varela, and Christine Guffey*

2. 

3. */s/ Gail Ivey*

4.

5.

6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

# Exhibit A

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NORTH COUNTRY HEALTHCARE, INC.,<br><br>          Debtor. | Chapter 11<br><br>Case No. 3:25-bk-12293-DPC<br><br>**INTERIM ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENTS FOR FUTURE UTILITY SERVICES**<br><br>Hearing Date:<br>Hearing Time: |

After considering the *Emergency Motion for Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services* ("Motion") {ECF No. ___] filed by North Country Healthcare, Inc. ("Debtor"), debtor-in-possession in this bankruptcy case; the *Declaration of Anne Newland in Support of Debtor's First Day Motions* [ECF No. 16]; and the statements arguments before it, this Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the interim relief granted herein is in the best interest of Debtor, its estate, its creditors, and other parties in interest and necessary to avoid immediate and irreparable harm to the Debtor's estate; and (v) good cause exists,

/ / /

**IT IS HEREBY ORDERED**:

1. The Motion is granted on an interim basis as set forth herein;

2. Each of the Utility Providers, as defined in the Motion, is enjoined from altering, refusing or discontinuing services on account of pre-petition amounts outstanding or the commencement of this case.

3. Authorizing the Debtor to provide adequate assurance within the meaning of 11 U.S.C. § 366 to Utility Providers in the form of either a security deposit or prepayment of estimated utility consumption to the extent the Debtor finds such adequate assurance reasonable in its business judgment and complies with other orders from this Court.

4. To the extent it objects to the sufficiency of the adequate assurance tendered by the Debtor, the Utility Provider must provide a written request ("<u>Additional Request</u>") to the Debtor no later than twenty-one (21) days from the date of this Order. If the parties cannot reach a mutual resolution as to the Additional Request, the Debtor or Utility Provider may file a motion ("<u>Determination Motion</u>") with this Court and request a hearing to determine the sufficiency of adequate assurance under 11 U.S.C. § 366(c)(3). No Utility Provider may alter, refuse, or discontinue services on the basis of a dispute as to the sufficiency of adequate assurance tendered by the Debtor prior to adjudication of the Determination Motion.

5. To the extent it does not make an Additional Request within twenty-one (21) days from the date of this Order, such Utility Provider shall be determined to have received sufficient adequate assurance under 11 U.S.C. § 366 and no further adequate assurance may be demanded by the Utility Provider unless otherwise ordered by the Court.

6. Notwithstanding anything set forth in the Motion, any party in interest may file an objection ("<u>Objection</u>") to the relief granted in this Interim Order or sought in the

1  Motion no later than **January 30, 2026** ("Objection Deadline") with the Clerk of the United States Bankruptcy Court, with a copy to Philip J. Giles, Allen, Jones & Giles, PLC, 1850 N. Central Avenue, Suite 1025, Phoenix, AZ 85004, the Office of the United States Trustee, 230 N. First Avenue, Suite 204, Phoenix, AZ 85003 and the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims on file with the Clerk of the United States Bankruptcy.

7. Failure to file an Objection to final approval of the Motion shall not prejudice any Utility Provider's ability to make an Additional Request pursuant to this Order.

**8.** A final hearing on the Motion is scheduled for _____, **2026 at \_\_\_\_ \_\_.m.** before this court (the "Hearing"). Parties are to appear (1) in person or (22) by videoconference by visiting: https://www.zoomgov.com/j/1605289889?pwd=eGdIYjhhY2ViaXFvMHJXeDZoUTVQQT09, and using Meeting ID: 160 528 9889, Passcode 479849 for both. Telephonic appearances may be permitted on a case-by-case basis by emailing Courtroom Deputy, Renee Bryant (Renee_Bryant@azb.uscourts.gov) within 24 hours of the hearing and providing the exigent circumstance. **If no interested party files an objection to the relief requested in the Motion or granted herein, the Debtor may upload an order vacating the hearing and granting the relief provided herein on a final basis.**

9. This Court retains jurisdiction with respect to all mattes arising from or related to the implementation of this Interim Order.

10. Upon entry, the Debtor shall immediately serve this Interim Order to all Utility Providers and the Office of the United States Trustee and upload a certificate of service indicating such.

**DATED AND SIGNED ABOVE**