SO ORDERED.

Dated: January 16, 2026

_Daniel P. Collins_
Daniel P. Collins, Bankruptcy Judge

---

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| NORTH COUNTRY HEALTHCARE, INC., | Case No. 3:25-bk-12293-DPC |
| Debtor. | **INTERIM ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENTS FOR FUTURE UTILITY SERVICES** |

After considering the *Emergency Motion for Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services* ("Motion") [ECF No. 68] filed by North Country Healthcare, Inc. ("Debtor"), debtor-in-possession in this bankruptcy case; the *Declaration of Anne Newland in Support of Debtor's First Day Motions* [ECF No. 16]; and the statements and arguments made at the hearing on the Motion held on January 15, 2026, this Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the interim relief granted herein is in the best interest of Debtor, its estate, its creditors, and other parties in interest and necessary to avoid immediate and irreparable harm to the Debtor's estate; and (v) good cause exists,

**IT IS HEREBY ORDERED**:

1. The Motion is granted on an interim basis as set forth herein;

2. Each of the Utility Providers, as defined in the Motion, is enjoined from

altering, refusing or discontinuing services on account of pre-petition amounts outstanding or the commencement of this case.

3. Authorizing the Debtor to provide adequate assurance within the meaning of 11 U.S.C. § 366 to Utility Providers in the form of either a security deposit or prepayment of estimated utility consumption to the extent the Debtor finds such adequate assurance reasonable in its business judgment and complies with other orders from this Court.

4. To the extent it objects to the sufficiency of the adequate assurance tendered by the Debtor, the Utility Provider must provide a written request ("<u>Additional Request</u>") to the Debtor no later than twenty-one (21) days from the date of this Order. If the parties cannot reach a mutual resolution as to the Additional Request, the Debtor or Utility Provider may file a motion ("<u>Determination Motion</u>") with this Court and request a hearing to determine the sufficiency of adequate assurance under 11 U.S.C. § 366(c)(3). No Utility Provider may alter, refuse, or discontinue services on the basis of a dispute as to the sufficiency of adequate assurance tendered by the Debtor prior to adjudication of the Determination Motion.

5. To the extent it does not make an Additional Request within twenty-one (21) days from the date of this Order, such Utility Provider shall be determined to have received sufficient adequate assurance under 11 U.S.C. § 366 and no further adequate assurance may be demanded by the Utility Provider unless otherwise ordered by the Court.

6. Notwithstanding anything set forth in the Motion, any party in interest may file an objection ("<u>Objection</u>") to the relief granted in this Interim Order or sought in the Motion no later than **<u>January 30, 2026</u>** ("<u>Objection Deadline</u>") with the Clerk of the United States Bankruptcy Court, with a copy to Philip J. Giles, Allen, Jones & Giles, PLC, 1850 N. Central Avenue, Suite 1025, Phoenix, AZ 85004, the Office of the United

States Trustee, 230 N. First Avenue, Suite 204, Phoenix, AZ 85003 and the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims on file with the Clerk of the United States Bankruptcy. **If no interested party files an objection to the relief requested in the Motion or granted herein, the Debtor may upload an order granting the relief provided herein on a final basis.**

7. Failure to file an Objection to final approval of the Motion shall not prejudice any Utility Provider's ability to make an Additional Request pursuant to this Order.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

9. Upon entry, the Debtor shall immediately serve this Interim Order to all Utility Providers and the Office of the United States Trustee and upload a certificate of service indicating such.

**DATED AND SIGNED ABOVE**