1

2

3

4

5

6 **UNITED STATES BANKRUPTCY COURT**

7 **DISTRICT OF ARIZONA**

8 | In re: | Chapter 11

9 | NORTH COUNTRY HEALTHCARE, INC., | Case No. 3:25-bk-12293-DPC

10 | Debtor. | **ORDER APPROVING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

11

12

13 | Hearing Date: February 10. 2026
Hearing Time: 11:00 a.m.

14

15     Upon the *Motion To Approve Sale Of Personal Property Free And Clear Of*

16 *Liens, Claims, Encumbrances, And Interests* ("Motion")[1] [ECF No. 14] filed by North

17 Country Healthcare, Inc. ("Debtor"), debtor-in-possession in the above-captioned

18 bankruptcy case (the "Bankruptcy Case'"), seeking among other things, entry of an

19 order (this "Order") (i) authorizing the sale of the tangible and intangible assets

20 described in the APA (defined below) (collectively, the "Purchased Assets") free and

21 clear of all liens, claims, encumbrances, or interests except Permitted Liens (as defined

22 in the APA), as provided in that certain *Letter of Intent*, as amended pursuant to that

23 certain *Letter of Intent Amendment* (together, the "LOI"), as amended by that certain

24 *Asset Purchase Agreement* attached to this Order as **Exhibit 1** (together with all other

25

26

1  agreements, documents, instruments, deliverables thereunder or attached therefore to

2  referenced thereunder or attached thereto or referenced therein, and as may be amended,

3  modified, supplemented, including without limitation the *Transition Services Agreement*

4  (the "TSA"), the Bill of Sale, Assignment and Assumption Agreement, and Custodian of

5  Records Agreement attached thereto, the "APA"), by and between the Debtor and El Rio

6  Santa Cruz Neighborhood Health Center, Inc. dba El Rio Health (and with its assigns,

7  the "Purchaser") and such sale, as contemplated by the APA and the other transaction

8  documents referenced therein and this Order (the "Sale Transaction"), with all such

9  liens, claims, encumbrances, or interests, to attach to the proceeds of the Sale

10 Transaction as set forth in this Order, and (ii) granting related relief, all as more fully set

11 forth in the Motion; and upon consideration of the *Declaration of Anne Newland* [ECF

12 No. 16] (the "Newland Declaration"); and the Court having reviewed the objections,

13 reservation of rights and other responses filed in opposition to the relief requested in the

14 Motion at Dkt. Nos. 77, 79, 98, 116, 117, and 147 (collectively, the "Objections") and

15 the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C.

16 § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C.

17 § 157(b)(2) and that the Court may enter a final order consistent with Article III of the

18 United States Constitution; and the Court having found that venue of this proceeding and

19 the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the

20 Court having found that proper and adequate notice of the Motion and hearing thereon

21 has been given and that no other or further notice is necessary; and the Debtor having

22 determined that the sale of the Purchased Assets to the Purchaser pursuant to the APA

23 and Sale Transaction is in the best interest of its estate and would maximize the value of

24 its assets, including the Purchased Assets; and upon the Purchaser and the Debtor having

25

26 ¹ Unless otherwise defined, capitalized terms used in this Order shall correspond to the

-2-

1   agreed to the terms of the APA with respect to the Sale Transaction; and the Court

2   having conducted a hearing to consider the relief requested in the Motion, as set forth in

3   this Order; and all parties in interest having been heard or having had the opportunity to

4   be heard regarding the Motion, the Sale Transaction, the APA, and all relief set forth

5   herein; and all Objections to the relief requested having been withdrawn, resolved, or

6   overruled on the merits; and upon the record of the hearing and all of the proceedings

7   had before this Court; and the Court having determined that the legal and factual basis

8   set forth in the Motion, establish just cause for the relief granted herein; and the Court

9   having found that the relief requested in the Motion is necessary and is in the best

10  interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the

11  proceedings had before this Court; and after due deliberation and sufficient cause

12  appearing therefor, and the Debtor having demonstrated good, sufficient and sound

13  business justifications for the relief granted herein, it is **HEREBY FOUND AND**

14  **DETERMINED THAT**:

15      A.      **Findings and Conclusions.** The findings and conclusions set forth herein

16  constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy

17  Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To

18  the extent any of the following findings of fact constitute conclusions of law, they are

19  adopted as such. To the extent any of the following conclusions of law constitute

20  findings of fact, they are adopted as such.

21      B.      **Jurisdiction.** This Court has jurisdiction to hear and determine the Motion

22  and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334.  Without

23  limiting the generality of the foregoing, this Court has (i) exclusive jurisdiction to

24  approve the Motion, the APA, and all of the transactions contemplated thereby, (ii)

25

26  Motion.

1  exclusive *in rem* jurisdiction over the Purchased Assets pursuant to 28 U.S.C. § 1334(e),

2  as such Purchased Assets are property of the Debtor's chapter 11 estate, and, as a result

3  of such jurisdiction, this Court has all necessary power and authority to grant the relief

4  contained herein. This is a core proceeding within the meaning of 28 U.S.C. § 157(b),

5  and as such, this Court has the authority to enter a final order.

6       C.  **Venue.** Venue of this chapter 11 case and the Motion in this district is

7  proper under 28 U.S.C. §§ 1408 and 1409.

8       D.  **Statutory Predicates.** The statutory and legal predicates for the relief

9  requested in the Motion are sections 105 and 363 of the Bankruptcy Code, and Rules

10  2002, 6004, 9006, 9007, 9008, and 9014 of the Bankruptcy Rules.

11       E.  **Notice and Opportunity to Object.** As evidenced by the certificate of

12  service previously filed with the Court [ECF Nos. 28, 81], proper, timely, adequate, and

13  sufficient notice of the Motion and Sale Transaction and the deadlines related thereto

14  was provided in accordance with sections 102(1) and 363 of the Bankruptcy Code,

15  Bankruptcy Rules 2002, 6004, and 9014, and that certain *Order Limiting Service* [ECF

16  No. 36] to each party entitled to such notice. The notices described above and in the

17  Motion were good, sufficient, and appropriate under the circumstances and reasonably

18  calculated to reach and apprise all known and unknown holders of the Encumbrances

19  and no other or further notice of the Motion, the Sale Transaction, or the hearing, shall

20  be required.  Service of the Motion was provided to all parties in interest, including, for

21  the avoidance of doubt, those with alleged approval or consent rights or anti-assignment

22  provisions (including provisions that purport to give termination rights to a contract

23  counterparty on account of the sale, disposition, transfer, or closure by the Debtor of the

24  Debtor's property or assets) with a reasonable and adequate opportunity to object. The

25  notice described in the foregoing paragraphs and in the Motion is good, sufficient, and

26  appropriate under the circumstances, and no other or further notice of the Motion, the

-4-

1  Sale Transaction, the deadline to submit objections to the Motion, and except as
2  otherwise provided herein, all other deadlines related thereto, is or shall be required.

3  **F.** **Assets Are Property of the Estate.** The Debtor's legal, equitable, and
4  beneficial right, title, and interest in and to the Purchased Assets sought to be sold and
5  transferred by the Debtor to the Purchaser pursuant to the APA are property of the
6  Debtor's estate and title thereto is vested in the Debtor's estate.

7  **G.** **Best Offer.** The Debtor determined in a sound exercise of its business
8  judgment in the best interests of its estate that the transactions contemplated by the APA
9  and Sale Transaction, represents the highest or otherwise best offer available for the
10  Purchased Assets. The Debtor has demonstrated that the (i) Debtor's entry into the APA
11  including all transactions contemplated thereunder and consummation of the Sale
12  Transaction (the "Closing," and the date of such Closing, the "Closing Date") is a sound
13  exercise of the Debtor's business judgment, and (ii) such transactions and acts are in the
14  best interests of the Debtor, its estate, stakeholders, and all parties in interest. The Court
15  finds that the Debtor has articulated good and sufficient business reasons justifying the
16  sale of the Purchased Assets to the Purchaser pursuant to the terms and conditions set
17  forth in the APA.

18  **H.** **Fiduciary Duties.** The Debtor's decision to enter into the APA and
19  consummate the Sale Transaction constitutes a proper exercise of the fiduciary duties of
20  the Debtor and its directors, managers, and officers. Because the entry into and
21  consummation of the APA constitutes the exercise by the Debtor of sound business
22  judgment, the Debtor, and its respective current officers, directors, employees, advisors
23  professionals or agents (in each case, solely in their capacity as such), shall have or incur
24  no liability to the estate or any holder of a Claim against or Interest in the Debtor for any
25  act or omission in connection with, related to, or arising out of the negotiations of the
26  APA or the consummation of the Sale Transaction contemplated thereunder, other than

-5-

1  liability arising out of or relating to any willful misconduct or fraud, in each case as
2  determined by a court of competent jurisdiction.

3     I.   **Corporate Authority.** Upon entry of this Order, the Debtor has (i) the
4  corporate or other organizational power and authority necessary to consummate the
5  Settlement and the Sale Transaction and all other documents contemplated thereby, (ii)
6  all of the power and authority necessary to consummate the Sale Transaction, and (iii)
7  taken or authorized to take all corporate or other organizational action necessary to
8  authorize and approve the APA and any actions required to be performed by the Debtor to
9  consummate the Sale Transaction. Upon the entry of this Order, no further consents or
10  approvals by the Debtor are required for the Debtor to consummate the Sale Transaction.

11     J.   **Arm's-Length and Good Faith.** The APA and Sale Transaction was
12  negotiated and is undertaken by the Debtor and the Purchaser at arm's length, without
13  collusion or fraud, and in good faith within the meaning of section 363(m) of the
14  Bankruptcy Code. The Purchaser recognizes that the Debtor was free to deal with any
15  other party interested in acquiring the Purchased Assets. Neither the Debtor nor the
16  Purchaser have engaged in any conduct that would cause or permit the Sale Transaction
17  or the APA to be avoided or subject to monetary damages under section 363(n) of the
18  Bankruptcy Code, or that would prevent the application of sections 363(m) of the
19  Bankruptcy Code. The APA was not controlled by an agreement between any potential
20  bidders within the meaning of section 363(n) of the Bankruptcy Code. All payments to be
21  made by the Purchaser and other agreements or arrangements entered into by the
22  Purchaser in connection with the Sale Transaction have been disclosed, and the Purchaser
23  has not violated section 363(n) of the Bankruptcy Code by any action or inaction. As a
24  result of the foregoing, the Purchaser is a "good faith" Purchaser within the meaning of
25  section 363(m) of the Bankruptcy Code and any other applicable bankruptcy or non-
26  bankruptcy law with respect to the Sale Transaction, and as such, is entitled to all of the

-6-

1 protections afforded thereby, including in the event this Order or any portion thereof is
2 reversed or modified on appeal.

3     **K.     Insider Status**. The Purchaser is not an "insider" of the Debtor, as that term
4 is defined in section 101(31) of the Bankruptcy Code.

5     **L.     No Fraudulent Transfer.** The total consideration provided by the
6 Purchaser pursuant to the APA constitutes reasonably equivalent value and fair
7 consideration under the Bankruptcy Code, the Uniform Voidable Transactions Act, the
8 Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and any other
9 applicable law, and may not be avoided under section 363(n) of the Bankruptcy Code or
10 any other applicable law. The APA was not entered into, and the Sale Transaction is not
11 being consummated, for the purpose of hindering, delaying or defrauding creditors of the
12 Debtor under the Bankruptcy Code or under the laws of the United States, any state,
13 territory, possession thereof, or the District of Columbia, or any other applicable law.
14 Neither the Debtor nor the Purchaser has entered into the APA or is consummating the
15 Sale Transaction with any fraudulent or otherwise improper purpose.

16     **M.     Free and Clear Transfer Required by Purchaser**. The Purchaser would
17 not have entered into the APA and would not consummate the Sale Transaction, thus
18 adversely affecting the Debtor, its estate, its creditors, its employees, and other parties in
19 interest, if the sale of the Purchased Assets was not free and clear of the Encumbrances
20 (other than Permitted Encumbrances and as otherwise provided in the APA) or if the
21 Purchaser would be liable for such Encumbrances. In closing the Sale Transaction, the
22 Purchaser shall be deemed to have materially relied on findings and decrees in this Order.

23     **N.     Title to Purchased Assets**. The transfer of the Purchased Assets to the
24 Purchaser pursuant to the Sale Transaction is a legal, valid, and effective transfer of all of
25 the Debtor's legal, equitable, and beneficial right, title, and interest in and to the Purchased
26 Assets free and clear of the Encumbrances, except for Permitted Encumbrances and as

-7-

1   otherwise provided in the APA.

2   O.   **Satisfaction of Section 363(f) Standards.** The Debtor is authorized to sell

3   the Purchased Assets free and clear of the Encumbrances, other than Permitted

4   Encumbrances and as otherwise provided in the APA because, with respect to each

5   creditor or other person or entity asserting an Encumbrance, one or more of the standards

6   set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Each creditor

7   or other person or entity asserting an Encumbrance in the Purchased Assets, (i) has,

8   subject to the terms and conditions of this Order, consented to the Sale Transaction or is

9   deemed to have consented to the Sale Transaction, (ii) could be compelled in a legal or

10  equitable proceeding to accept money satisfaction of such Encumbrances, or (iii)

11  otherwise falls within the provisions of section 363(f) of the Bankruptcy Code. Those

12  holders of the Encumbrances who did not object (or who ultimately withdrew their

13  objections, if any) to the Sale Transaction or the Motion are deemed to have consented to

14  the Motion and Sale Transaction pursuant to section 363(f)(2) of the Bankruptcy Code.

15  P.   **No Successor Liability.** Neither the Purchaser nor any of its affiliates are

16  successors to the Debtor or its estate by reason of any theory of law or equity, and neither

17  the Purchaser nor any of its affiliates shall assume or in any way be responsible for any

18  liability or obligation of the Debtor and/or its estate except as otherwise expressly

19  provided in this Order or the APA, as applicable. Without limiting the generality of the

20  foregoing, and except as otherwise expressly provided in this Order, the APA, as

21  applicable, neither the Purchaser nor any of its affiliates shall (a) be liable for any claims

22  or defenses (including rights of recoupment or setoff) that may be asserted against the

23  Debtor or any of its predecessors or affiliates (including, claims or defenses (including

24  rights of recoupment or setoff) relating to any Payor Agreement for services rendered by,

25  or amounts paid to, the Debtor prior to Closing), or (b) be subject to successor or vicarious

26  liabilities or obligations of any kind or character, including, without limitation, under any

-8-

theory of antitrust, environmental, successor, or transfer liability, labor law, *de facto* merger, mere continuation, or substantial continuation, whether known or unknown as of Closing, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including without limitation, liabilities on account of warranties, receivables, environmental liabilities, claims or defenses (including rights of recoupment) that may be asserted against the Debtor relating to Payor Agreements for services rendered or amounts paid to the Debtor prior to Closing, any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Purchased Assets prior to the Closing; (c) deemed to be an alter ego or have a common identity or a continuity of enterprise with the Debtor; or (d) be a mere continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtor or any business, enterprise, or operation of the Debtor, including with respect to clauses (a) through (d) of this paragraph, within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, products liability or other law, doctrine rule or regulation (including any filing requirements under any such laws, rules or regulations) with respect to the Debtor's liability under such law, doctrine, rule or regulation. Upon the Closing, to the maximum extent available under applicable law, the Purchaser's acquisition of the Purchased Assets shall be free and clear of any "successor liability" claims and other types of transferee liability of any nature whatsoever, whether known or unknown and whether asserted or unasserted at the time of Closing (other than, to the extent applicable, any Permitted Liens or as otherwise expressly provided in the APA), and the Purchased Assets shall not be subject to any Encumbrances arising under or in connection with any Excluded Asset or Excluded Liability. The operations of the Purchaser and its respective affiliates shall not be deemed a continuation of the Debtor's business as a result of the Sale Transaction.

-9-

Q. **Assumed Contracts, Cure Costs and Adequate Assurance.** For any Assumed Contracts (as defined in the APA) contemplated under the APA, including without limitation any assumed Lease agreement for any Clinic Location (as those terms are defined in the APA), that constitutes an executory contract within the meaning of Bankruptcy Code section 365, such Assumed Contract shall not be assumed and assigned to the Purchaser unless or until the assumption and assignment of such Assumed Contract to the Purchaser is approved pursuant to Bankruptcy Code section 365 by further order of this Court. Cure Costs (as that term is defined in the APA) for any Assumed Contract will be paid by the Purchaser in accordance with the terms of the APA and subject to a further order of this Court approving and authorizing the Debtor to assume and assign the Assumed Contracts to Purchaser.

To the extent any Assumed Contract is not an executory contract within the meaning of section 365 of the Bankruptcy Code, it shall be transferred upon consent from the counter-contract party to the Purchaser in accordance with the APA, and other than with respect to any Assumed Liabilities, the Purchaser shall not have any liability or obligation for any (i) defaults or breaches under such agreement that relate to acts or omissions that occurred in the period, or otherwise arose, prior to the Closing Date and (ii) claims, counterclaims, offset or defenses (whether contractual or otherwise, including any right of recoupment) with respect to such Assumed Contract, that relate to any acts or omissions that arose or occurred prior to the Closing Date.

R. **Assets Assignable.** Each and every provision of the documents governing the Purchased Assets or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any of the Purchased Assets, if any, have been or will be satisfied or are otherwise unenforceable under sections 363 or 365 of the Bankruptcy Code, as applicable.

S. **Time of the Essence.** Time is of the essence in consummating the Sale

-10-

Transaction and each of the transactions contemplated thereby. Good and sufficient reasons for approval of the APA, including without limitation the TSA, have been articulated by the Debtor. Upon the entry of this Order, the Purchaser, being a good faith Purchaser under section 363(m) of the Bankruptcy Code, and the Debtor may close the Sale Transaction and each of the transactions contemplated by the APA at any time after entry of this Order and subject to the terms and conditions of the APA.

T. **No Sub Rosa Plan**. The APA and the Sale Transaction do not constitute a *sub rosa* chapter 11 plan. The APA does not impermissibly restructure the rights of the Debtor's creditors nor impermissibly dictate a chapter 11 plan for the Debtor.

U. **Final Order; Immediate Effect.** This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and, sufficient cause having been shown, waives any such stay, and expressly directs entry of judgment as set forth herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. **Objections Overruled.** All objections, if any, with regard to the relief sought in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with herein are hereby overruled on the merits, with prejudice. All objections to the entry of this Order or to the relief granted herein that were not timely filed are hereby forever barred.

2. **Approval of Sale Transaction.** Pursuant to sections 105 and 363 of the Bankruptcy Code, the Motion is granted, the relief requested therein with respect to the Sale Transaction is granted and approved in its entirety, and the APA (including all of the agreements attached thereto and transactions contemplated therein, including without

-11-

limitation the TSA) is hereby approved, in each case on the terms set forth in this Order. The Debtor has satisfied all requirements of sections 363(b) and 363(f) of the Bankruptcy Code, and all other requirements and standards applicable to a sale outside the ordinary course of business, free and clear of the Encumbrances.

3. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to take any and all reasonable actions necessary to consummate the Sale Transaction, including the sale, transfer, and assignment of all of the Debtor's right, title, and interest in, to, and under the Purchased Assets to the Purchaser free and clear of the Encumbrances (other than Permitted Encumbrances and as otherwise expressly provided in the APA) in accordance with the terms of the APA and this Order. The Debtor, as well as its directors, managers, officers, employees, and agents, are authorized to execute, deliver, and perform their obligations under and comply with the terms of the APA and to consummate the Sale Transaction, including by taking any and all actions as may be reasonably necessary or desirable to implement the Sale Transaction, the TSA, and each of the transactions contemplated thereby pursuant to and in accordance with the terms and conditions of the APA and this Order. For the avoidance of doubt, all persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer the Purchased Assets to the Purchaser in accordance with the APA and this Order or to adversely affect or interfere with the ability of the Debtor and Purchaser to perform under the TSA.

4. The Debtor and its directors, managers, officers, employees, and agents, are authorized to execute and deliver, and authorized to perform under, consummate, and implement all additional notices, assumptions, conveyances, releases, acquittances, instruments and documents that may be reasonably necessary or desirable to implement the APA, including the transfer of the Purchased Assets and the assumption and

-12-

4908-9812-5709, v. 4

assignment of all the Assigned Contracts (subject to the entry a further order of the Court authorizing and approving the assumption and assignment of such Assigned Contract by the Debtor to the Purchaser), and to take all further actions as may be necessary or appropriate to the performance of the obligations contemplated by the APA without further order of this Court.

5.      The Debtor is further authorized, but not directed, to pay, without further order of the Court, whether before, at or after Closing, any expenses or costs required to be paid to consummate the Sale Transaction or for the Debtor to perform its obligations solely in accordance with the APA and TSA.

6.      **Sale and Transfer of Assets Free and Clear.** Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to transfer, and upon the Closing shall transfer to the Purchaser all of the Debtor's right, title, and interest in and to, and possession of, the Purchased Assets, which shall be immediately vested in the Purchaser, and, to the extent provided in the APA, such title to the Purchased Assets shall be transferred to the Purchaser free and clear of Encumbrances and all Excluded Liabilities (as that term is defined in the APA), other than Permitted Encumbrances and as otherwise expressly provided in the APA, including:

a.      liens (including, without limitation, mechanics', materialmens', and other consensual and non-consensual liens and statutory liens) mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, property interests, pledges, judgments, demands, encumbrances, easements, and servitudes;

b.      interests, obligations, liabilities, causes of action, demands, guaranties, options, restrictions, and contractual or other commitments;

-13-

4908-9812-5709, v. 4

c. rights, including, without limitation, rights of first refusal, rights of offset (except for offsets exercised prior to the Petition Date), contract rights, rights of recoupment and recovery; decrees of any court or foreign or domestic government entity (to the extent permitted by law);

d. charges or restrictions of any kind or nature, including, without limitation, any restriction on the use, transfer, receipt of income or other exercise of any attributes of ownership of the Purchased Assets, including, without limitation, consent of any Person to assign or transfer any of the Purchased Assets;

e. debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtor or any of the Debtor's predecessors or affiliates;

f. charges or restrictions of any kind or nature including, without limitation, any restriction on the use, transfer, receipt of income or other exercise of any attributes of ownership of the Purchased Assets, including without limitation, consent of any Person to assign or transfer any of the Purchased Assets;

g. claims (as that term is defined in the Bankruptcy Code), including claims for reimbursement, contribution claims, derivative, vicarious, transferee, or successor liability claims (including without limitation any "successor employer" claims under the Consolidated Omnibus Budget Reconciliation Act of 1985), indemnity claims, employee claims, exoneration claims, alter-ego claims, product liability claims, employee retirement or benefit plan claims, severance claims, retiree healthcare or

-14-

| | |
|---|---|
| 1 | life insurance claims, employee insurance benefit claims under ERISA, |
| 2 | environmental claims (to the fullest extent allowed by applicable law), |
| 3 | state, federal, local and any other tax claims, reclamation claims, and |
| 4 | pending, contingent or otherwise unasserted litigation claims, including in |
| 5 | all cases claims that may be secured or entitled to priority under the |
| 6 | Bankruptcy Code; and |

h.    matters of any kind or nature whatsoever, whether at law or in equity and whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or un-matured, material or nonmaterial, disputed or undisputed, whether arising prior to or during the Debtor's Bankruptcy Case, and whether imposed by agreement, understanding, law, equity, or otherwise;

in each case, whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by agreement, understanding, law, equity or otherwise, and to the extent occurring or arising on or before the Closing (each, an "Encumbrance" and collectively, the "Encumbrances"). Except for the Permitted Encumbrances or as otherwise provided in the APA, the Encumbrances shall attach to the proceeds attributable to the Purchased Assets encumbered by such Encumbrances with the same nature, validity, priority, extent, perfection, and force and effect that such Encumbrances encumbered such Purchased Assets immediately prior to the entry of this

Order, subject to any claims, defenses, and objections, if any, that the Debtor or its estate may possess with respect thereto. Purchaser shall not be responsible for any Excluded Liabilities as defined in the APA.

7. Notwithstanding anything to the contrary in the APA, (*i*) no claims and/or causes of action (including, for the avoidance of doubt, claims and/or causes of action under chapter 5 of the Bankruptcy Code) are being purchased by, or transferred to, the Purchaser, and all such claims and/or causes of action are preserved for the benefit of the Debtor's estate, and (*ii*) no patient information, personally identifiable information, or personal health information is being purchased by the Purchaser.

8. With regard to the forms of, timing, and other terms and provisions concerning the consideration to be provided by the Purchaser to the Debtor as set forth in the APA and amended by this Order, the Purchaser is directed to comply with its obligations thereunder, and the Debtor, and its respective successors and assigns, including any liquidating trustee appointed in connection with this chapter 11 case, are hereby authorized to enforce all such provisions. As further set forth in paragraph 31 of this Order, the Court shall retain exclusive jurisdiction with respect to any and all issues, disputes, controversies, causes of action, and/or claims with respect to, or arising under, such provisions, including, without limitation, the enforcement thereof.

9. **Binding Effect of Order.** The terms and conditions of this Order and the APA, including without limitation all documents and agreements attached to the APA including without limitation the TSA, the Bill of Sale, Assignment and Assumption Agreement, and Custodian of Records Agreement attached thereto, shall continue in full force and effect and shall be binding in all respects upon the Debtor, its estate, all creditors of, and holders of equity interests in, the Debtor, including, without limitation, any successor in interest, reorganized Debtor, chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in a chapter 7 case of the Debtor if this

-16-

chapter 11 case is converted from a case under chapter 11 to a case under chapter 7, all counterparties to Assumed Contracts, all Recording Officers, any holders of the Encumbrances against, or on all or any portion of the Purchased Assets (whether known or unknown), the Purchaser and all successors and assigns of the Purchaser, notwithstanding the dismissal of the Debtor's case or any subsequent appointment of any trustee, examiners "responsible persons," or other fiduciary in this chapter 11 case or upon a conversion to a case under chapter 7 of the Bankruptcy Code, and the APA and all agreements attached thereto shall not be subject to rejection or avoidance under any circumstances. If any order under section 1112 of the Bankruptcy Code is entered, such order shall provide, or be deemed to provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that this Order, including the rights granted to the Purchaser hereunder, in the APA and all agreements attached thereto, shall survive and remain effective and, notwithstanding such dismissal, shall remain binding on parties in interest. To the extent of any conflict between this Order and the APA or agreements attached thereto, the terms of this Order shall control.

12. **Modifications to Transaction Documents.** The APA, including without limitation the agreements attached thereto, and any related agreements, documents, or other instruments in effect as of the date hereof may be modified, amended, or supplemented in accordance with the terms thereof and the terms of this Order without further order of this Court. The Debtor and Purchaser are authorized to make changes to the APA and/or execute supplemental agreements implementing the Sale Transaction contemplated by the APA without the need for any further order of the Court provided that any such changes do not have a material adverse effect on the Debtor or its bankruptcy estate as determined in the good faith judgment of the Debtor. Any other proposed changes to the APA or this Sale Order shall require a further order of the Court, after reasonable notice under the circumstances and a hearing.

-17-

1    13.    **No Bulk Sales.** No bulk sales law or any similar law of any state or other

2    jurisdiction shall apply in any way to the Sale Transaction, the Motion, and this Order.

3    14.    **Valid Transfer.** Effective upon the Closing, the transfer to the Purchaser

4    of the Debtor's right, title, and interest in the Purchased Assets pursuant to the APA

5    shall be, and hereby is deemed to be, a legal, valid and effective transfer of the Debtor's

6    right, title, and interest in the Purchased Assets, and vests with or will vest in the

7    Purchaser all right, title, and interest of the Debtor in the Purchased Assets, free and

8    clear of the Encumbrances other than Permitted Encumbrances and as otherwise

9    expressly provided in the APA.

10    15.    **Good Faith Purchaser.** The Sale Transaction contemplated by the APA is

11    undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the

12    Bankruptcy Code, and the Purchaser has acted without collusion in undertaking the Sale

13    Transaction contemplated by the APA. Accordingly, the reversal or modification on

14    appeal of the authorization provided herein to consummate the Sale Transaction shall

15    not affect the validity of the sale of the Purchased Assets to the Purchaser (including the

16    assumption and assignment by the Debtor of any of the Assigned Contracts), unless such

17    authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good

18    faith of the Purchased Assets and is entitled to all of the protections afforded by section

19    363(m) of the Bankruptcy Code.

20    16.    **No Avoidance**.    The APA and the transactions contemplated thereby,

21    including without limitation, the TSA, the Bill of Sale, Assignment and Assumption

22    Agreement, and Custodian of Records Agreement, cannot be avoided under section

23    363(n) of the Bankruptcy Code. None of the Debtor, the Purchaser, or any of their

24    respective affiliates, officers, directors, members, partners, principals, or shareholders

25    (or equivalent) or any of their respective current and former members, managers,

26    officers, directors, employees, advisors, professionals, agents, predecessors, successors

-18-

1 or assigns have engaged in any conduct that would cause or permit the APA or the
2 consummation of the transactions contemplated thereby to be avoided, or costs or
3 damages to be imposed, under section 363(n) of the Bankruptcy Code and no party is
4 entitled to damages or other recovery in connection therewith under section 363(n) of
5 the Bankruptcy Code.

6      17. **Surrender of Possession.** Any and all Purchased Assets in the possession
7 or control of any person or entity, including any vendor, supplier, or employee of the
8 Debtor shall be transferred to the Purchaser free and clear of the Encumbrances (other
9 than Permitted Encumbrances and as otherwise expressly provided in the APA), with
10 such Encumbrances attaching to any proceeds attributable to the Purchased Assets
11 encumbered by such Encumbrances with the same nature, validity, priority, extent,
12 perfection, and force and effect that such Encumbrances encumbered the Purchased
13 Assets immediately prior to the entry of this Order, and shall be delivered to the
14 Purchaser and deemed delivered at the time of Closing (or such other time as provided in
15 the APA), with such costs of delivery allocated in accordance with the APA.

16      18. **Governmental Authorization to Effectuate Sale and Assignments.**
17 Except as otherwise specifically provided in this Order, each and every federal, state,
18 and governmental agency or department, and any other person or entity, is hereby
19 directed to accept (i) any documents and instruments in connection with or necessary to
20 consummate the Sale Transaction, subject to the payment of any filing fee or other fee
21 imposed under non-bankruptcy law, and (ii) this Order as sufficient evidence of the
22 transfer of the Debtor's right, title, and interest in, to, and under the Purchased Assets.

23      19. **TSA.** As set forth in this Order, the TSA is approved in its entirety. The
24 Debtor and Purchaser are authorized to take all reasonable actions required, necessary
25 and appropriate to consummate and carry out the TSA on the terms and conditions set
26 forth therein. Purchaser shall be entitled to all compensation provided for under the TSA

1    on the terms and conditions set forth therein without further notice or order of the Court.

2          20.      **Release of Encumbrances.** Effective upon the Closing Date, this Order (i)

3 is and shall be effective as a determination that all Encumbrances (other than Permitted

4 Encumbrances and as otherwise provided in the APA) of any kind or nature whatsoever

5 existing as to the Purchased Assets prior to the Closing Date have been unconditionally

6 released, discharged, and terminated (with such Encumbrances attaching to the proceeds

7 attributable to the Purchased Assets encumbered by such Encumbrances with the same

8 nature, validity, priority, extent, perfection force and effect that such claims,

9 encumbrances, liens or liabilities encumbered the Purchased Assets immediately prior to

10 the entry of this Order) and that the conveyances described herein have been effected,

11 and (ii) is and shall be binding upon and shall govern the acts of all entities, including all

12 filing agents, filing officers, title agents, title companies, recorders of mortgages,

13 recorders of deeds, registrars of deeds, administrative agencies or units, governmental

14 departments or units, secretaries of state, federal, state and local officials and all other

15 persons and entities who may be required by operation of law, the duties of their office,

16 or contract, to accept, file, register or otherwise record or release any documents or

17 instruments, or who may be required to report or insure any title or state of title in or to

18 the Purchased Assets conveyed to the Purchaser (all such entities being referred to as

19 "Recording Officers"), and all recorded claims, encumbrances, liens or liabilities (other

20 than the Permitted Encumbrances and as otherwise provided in the APA) against the

21 Purchased Assets shall be deemed stricken from such entities records, official and

22 otherwise. Effective as of the Closing, all Recording Officers are authorized and

23 specifically directed to strike recorded encumbrances, claims, liens, pledges, and other

24 interests against the Purchased Assets recorded prior to the date of this Order. Effective

25 as of the Closing, a certified copy of this Order may be filed with the appropriate

26 Recording Officers to evidence cancellation of any recorded encumbrances, claims,

-20-

liens, pledges, and other interests against the Purchased Assets recorded prior to the date

of the Closing. All Recording Officers are hereby directed to accept for filing any and all

of the documents and instruments necessary, advisable or appropriate to consummate the

transactions contemplated by the APA, subject to the payment of any filing or other fee

imposed under non-bankruptcy law.

21. **Approval to Release Encumbrances**. The provisions of this Order authorizing the sale and transfer of the Purchased Assets free and clear of Encumbrances (other than the Permitted Encumbrances expressly assumed under the APA) shall be self- executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate or implement the provisions of this Order. For the avoidance of doubt, on or after the Closing Date, all entities, including without limitation all trustees or collateral agents, are authorized and directed to file and/or execute lien releases, including financing statement terminations, mortgage releases or other documents or agreements evidencing release of Encumbrances in or against the Purchased Assets (other than Permitted Encumbrances and as otherwise expressly provided in the APA). If any person or entity that has filed financing statements, mortgages, mechanic's liens, or other documents or agreements evidencing Encumbrances against the Purchased Assets (other than Permitted Encumbrances and as otherwise provided in the APA) shall not have delivered to the Debtor before the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Encumbrances against the Purchased Assets (other than Permitted Encumbrances and as otherwise provided in the APA) that the person or entity has or may assert with respect to the Purchased Assets, the Debtor and the Purchaser are hereby authorized to execute

-21-

4908-9812-5709, v. 4

and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Purchased Assets. The Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of Encumbrances against the Purchased Assets (other than Permitted Encumbrances and as otherwise provided in the APA). This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

22. **Cooperation**. Upon the entry of this Order and prior to Closing, in accordance with and subject to the terms of the APA and in further support of the Sale Transaction, the Purchaser and its representatives are authorized at Purchaser's option and at no additional cost to the Debtor, (a) reasonable operational management support, including support to Clinic Location operations, facility maintenance, human resources, recruitment/retention, risk management, quality improvement, and grants management/fundraising; (b) financial management support, including support preparing monthly financial statements, creating and tracking budgets, support to billing/collections, revenue cycle management, financial/accounting policies, vendor contracting and management; (c) clinical management support, including to existing medical director(s) and clinical leadership; (d) federal award and HRSA (as that term is defined in the APA) compliance, overall policy and procedure review, federal grant reporting, applications, and management; and (e) along with other reasonable support as mutually agreed upon between the Debtor and Purchaser. Notwithstanding anything in the APA to the contrary, at all times prior to Closing, the Debtor shall maintain operational and clinical control over the Clinic Locations. Purchaser shall be held harmless from any and all liability arising out of the Purchaser's provision of pre-Closing support services as described in section 5.5 of the APA.

-22-

23. **Satisfaction of Conditions Precedent.** Neither the Purchaser nor the Debtor shall have an obligation to close the Sale Transaction until all conditions precedent in the APA to each of their respective obligations to close the Sale Transaction have been satisfied or waived in accordance with the terms of the APA. Due to the significant cost and efforts expended by the Purchaser in pursuing this Sale Transaction, in the event that the Sale Transaction does not close for one of the reasons set forth in the APA at section 9.15, the Purchaser shall be entitled to file a motion seeking reimbursement of the Expense Reimbursement (as defined in the APA) as an allowed administrative expense against the Debtor's bankruptcy estate pursuant to Bankruptcy Code § 503(b).

24. **No Successor Liability.** The Purchaser having given substantial consideration under the APA, TSA, and related agreements, which consideration shall constitute valid, valuable, and sufficient consideration for the absolution from any potential claims of successor liability of the Purchaser to the greatest extent allowed by applicable law and neither the Purchaser, nor any of its respective affiliates, shall be deemed to: (a) be a legal successor, or otherwise deemed to be a successor, to any of the Debtor under any theory of law or equity; (b) have, *de facto* or otherwise, merged with or into any or all of the Debtor or its estate; (c) deemed to be an alter ego or have a common identity or a continuity of enterprise with any of the Debtor; or (d) be a mere continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtor or any business, enterprise, or operation of the Debtor, including with respect to clauses (a) through (d) of this paragraph, within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, products liability or other law, doctrine rule or regulation (including any filing requirements under any such laws, rules or regulations) with respect to the Debtor's liability under such law, doctrine, rule or regulation. Upon the Closing, to the maximum

extent available under applicable law, the Purchaser's acquisition of the Purchased Assets shall be free and clear of any "successor liability" claims and other types of transferee liability of any nature whatsoever, whether known or unknown and whether asserted or unasserted at the time of Closing (other than, to the extent applicable, any Permitted Encumbrances or as otherwise expressly provided in the APA), and the Purchased Assets shall not be subject to any Encumbrances arising under or in connection with any Excluded Asset or Excluded Liability. The operations of the Purchaser and its affiliates shall not be deemed a continuation of the Debtor's business as a result of the Sale Transaction.

25. **Assumed Lease Agreements and Other Contracts.** In accordance with the terms of the APA, at any time prior to February 25, 2026 or such later date as mutually agreed to in writing by Purchaser and the Debtor (email between counsel being sufficient) (the "Lease Designation Deadline"), Purchaser may instruct the Debtor to "assume" and assign certain Lease agreements for the Clinic Locations in the Bankruptcy Case; provided that any Cure Costs associated with such assumption and assignment are agreed to by Purchaser and shall be paid directly by Purchaser or by Purchaser on behalf of Debtor .

26. In accordance with the terms of the APA, at any time prior to the Closing or such later date as mutually agreed to in writing by Purchaser and Debtor (email between counsel being sufficient) (the "Contract Designation Deadline"), Purchaser may instruct the Debtor to "assume" and assign certain additional contracts in which the Debtor is a party as of the date of this Agreement that Purchaser may deem necessary and desirable for the operation of any Clinic Location, the Contemplated Transaction or the Transition Services Agreement ("Additional Necessary Contracts"); provided that any Cure Costs associated with such assumption and assignment is agreed to by the Purchaser and shall be paid directly by Purchaser or by Purchaser on behalf of the

-24-

1  Debtor.

2      27.     Promptly after the Lease Designation Deadline and Contract Designation

3  Deadline, the Debtor shall file a notice of assumption and assignment (the "<u>Designation</u>

4  <u>Notice</u>"), identifying (x) the Contracts designated by the Purchaser to be assumed and

5  assigned as of the Closing Date (the "<u>Assumed Contracts</u>") and (y) the Debtor's

6  calculations of any Cure Costs under each Assumed Contract. The Debtor shall pursue

7  the assumption and assignment of all contracts and leases designated by Purchaser in

8  accordance with the APA and this Order; provided, however, that Cure Costs (as defined

9  in the APA ) associated with the Assumed Contracts shall be paid directly by Purchaser

10  or by Purchaser on behalf of the Debtor.

11      28.     **Direction of Sale Proceeds**.  The Debtor's senior secured lender, JP

12  Morgan Chase Bank, NA ("Chase"), holds a first-priority security interest in the

13  Purchased Assets, evidenced by that certain UCC-1 Financing Statement recorded with

14  the Arizona Secretary of State at Doc. No. 2018-000-3784-7. Chase's security interest

15  in the Purchased Assets is senior to the security interests in the Purchased Assets held

16  by Cardinal Health 110, LLC ("Cardinal"), as agent and Avatar Financial, as evidenced

17  by their respective UCC-1 Financing Statements recorded at document nos. 2023-001-

18  3373-7 and 2025-000-6584-5, respectively. By agreement between the Debtor and

19  Chase, upon Closing, the sale proceeds of the Sale Transaction will be paid to Chase in

20  accordance with instructions to be provided by Chase to Debtor and Purchaser seven

21  days prior to Closing.  Notwithstanding the foregoing, nothing herein shall be construed

22  as a finding or determination as to the nature, validity, priority, extent, perfection, and

23  force and effect of all liens, encumbrances, and interests in any of the Debtor's assets

24  except for the Purchased Assets.

25      29.     **Debtor Leases to Purchaser**.  Pursuant to sections 2.6 through 2.8 of the

26  APA, Avatar Financial, which holds Deeds of Trust against the Debtor's owned real

property located in Flagstaff (4th Street), Show Low, and Winslow, Arizona, shall have final approval over any lease arrangement or lease agreements entered into between the Debtor and Purchaser in accordance with the Sale Transaction. To the extent that a dispute arises between Avatar Financial, the Debtor, and/or the Purchaser with regard to proposed lease terms, the parties may seek relief from this Court on shortened notice.

30. **The United States**. Notwithstanding any provision to the contrary in this Order, any document related to the sale of the Purchased Assets approved herein, including but not limited to the APA, and the agreements attached thereto, including without limitation, the TSA, nothing shall:

a. release, nullify, preclude or enjoin the United States from taking any action under its police and regulatory powers pursuant to Federal statutes, regulations or program requirements;

b. release impair or preclude any obligation or liability to the United States that is not a Claim within the meaning of section 101(5) of the Bankruptcy Code;

c. affect the setoff or recoupment rights of the United States as to any amounts due and owing on account of services rendered by the Debtor prior to Closing;

d. authorize the assumption, assignment, sale or other transfer of any federal (a) grants (including, but not limited to, grants with the United States Department of Health and Human Services "HHS"), (b) grant funds, (c) property subject to disposition instructions from HHS, (d) contracts, (e) agreements, (f) other federal financial assistance, and (g) Medicare Federally Qualified Health Center agreements or billing numbers (collectively, "Federal Interests") without compliance by the Debtor and Purchaser with all terms of the Federal Interests and with all applicable non-bankruptcy law; including the United States retaining an interest in certain assets purchased with HRSA grant funds after the sale. If HRSA approves the transfer to Purchaser through the Successor-In-Interest process set forth in the HRSA Technical Assistance Resource, Purchaser will acquire all the assets involved in the performance of the HRSA grants subject to 45 C.F.R. § 75.320;

e. be interpreted to require the United States (including, but not limited to, HHS) to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; or

f. waive, alter or otherwise limit the United States' property rights;

-26-

4908-9812-5709, v. 4

In the event of an inconsistency or conflict between any provision of the Transaction Documents, including without limitation the APA, and the agreements attached thereto, including without limitation, the TSA, and any provision of this Order, as to the United States, the provisions of this Order and federal law shall govern.

31. The Debtor's Medicare Federally Qualified Health Center agreements are Excluded Assets and will terminate on the Closing Date; provided, however, that the termination of the Federally Qualified Health Center agreements shall not be deemed or construed as a waiver of any rights, remedies, or entitlement to payment held by the Debtor in connection with services rendered pursuant to such agreements prior to the Closing Date.

32. **Retention of Jurisdiction.** The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order, the Sale Transaction, the APA, the TSA, and the obligations of the parties thereunder, and all transactions entered into pursuant to the Order and APA.

33. **Immediate Effect.** Notwithstanding Bankruptcy Rules 6004(h), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Purchaser are free to close the Sale Transaction under the APA at any time pursuant to the terms thereof.

34. **Failure to Specify Provisions.** The failure to specifically reference any particular provisions of the APA, TSA, or any other related documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that APA and other related documents be authorized and approved in their entirety.

35. **Automatic Stay.** To the extent applicable, the automatic stay pursuant to

4908-9812-5709, v. 4

1  section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of

2  implementing the Sale Transaction. Notice of the Motion is adequate under Bankruptcy

3  Rule 6004(a). Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order

4  shall be immediately effective and enforceable upon its entry. The provisions of this

5  Order are non-severable and mutually dependent. The Debtor is authorized to take all

6  actions necessary or appropriate to carry out the relief granted in this Order. The parties

7  to the Sale Transaction shall take all actions required to consummate the transactions

8  contemplated thereby, subject to the terms and conditions of this Order and the

9  applicable Sale Transaction and Settlement documents.

10  **DATED AND SIGNED ABOVE.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-28-

Case 3:25-bk-12293-DPC    Doc 159    Filed 02/11/26    Entered 02/11/26 16:36:02    Desc
4908-9812-5709, v. 4        Main Document        Page 28 of 28