Philip J. Giles, State Bar #30340
Ryan M. Deutsch, State Bar #38776
**ALLEN, JONES & GILES, PLC**
1850 N. Central Ave., Suite 1025
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: pgiles@bkfirmaz.com
    rdeutsch@bkfirmaz.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| NORTH COUNTRY HEALTHCARE, INC., | Case No. 3:25-bk-12293-DPC |
| Debtor. | **APPLICATION TO EMPLOY SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e)** |

North Country Healthcare, Inc. ("Debtor"), by and through undersigned counsel, hereby applies for approval of employment of special counsel as follows:

1. On December 19, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor desires to employ Fennemore, and particularly Ryan C. Curtis, Esq., as special counsel to assist the Debtor in addressing and responding to the U.S. Department of Labor's ("DOL") investigation as to the Debtor's self-funded plan, as well as to serve as counsel in that certain litigation pending before the U.S. District Court for the District of Arizona, case no. 3:25-cv-08235-MTL (the "ERISA Litigation"). Fennemore, and particularly Mr. Curtis, specialize in ERISA law and the matters at issue in the ERISA Litigation and the DOL's investigation.

3. By employing Fennemore to assist with the DOL investigation and ERISA Litigation, Gust Rosenfeld's assistance in these matters will no longer be required though Gust Rosenfeld will continue to assist as outside general counsel to the Debtor to

the extent necessary. *See* ECF No. 67.

4. Fennemore agreed to represent the Debtor subject to the terms and conditions of its Engagement Agreement attached hereto as **Exhibit A**. Fennemore requires, and the Debtor has agreed to provide a $10,000 retainer to secure Fennemore's services. Further, Fennemore understands its engagement is subject to Bankruptcy Court approval.

5. To the best of the Debtor's knowledge and reliance upon the Verified Statement of Ryan C. Curtis (the "Verified Statement") attached hereto as **Exhibit B**, except as specifically set forth in the Verified Statement, Fennemore does not represent any interest adverse to the Debtor or to its bankruptcy estate with respect to the matters on which Fennemore is to be employed; provided, however, that as disclosed in the Verified Statement, Fennemore does represent an unsecured creditor in this bankruptcy case and proper conflict waivers have been obtained both by that creditor and from the Debtor.

6. The terms of Fennemore's employment, agreed to by the Debtor and subject to the approval of the Court, are that Fennemore will be paid on an hourly basis plus reimbursement of actual, necessary expenses, and other charges. The principal attorney presently designated to represent the Debtor is Ryan C. Curtis, with an hourly rate of $670.00. Other attorneys with Fennemore that may assist in this representation include Andrea L. Marconi (Partner), with an hourly rate of $640.00, and David Sieck (Associate), with an hourly rate of $495.00. Paraprofessionals may be used to assist the attorneys at an hourly rate of $275–$390. The hourly rates set forth above are standard rates Fennemore charges for work of this nature. Fennemore will charge the Debtor for its expenses in a manner and at rates consistent with the rates it charges to other clients.

7. The Debtor is working to secure coverage from its insurance carrier to fully or substantially cover the legal fees incurred by Fennemore in connection with the

ERISA Litigation. Nonetheless, as neither a consumer ombudsman nor patient ombudsman has been appointed in this case, the Debtor is able to reallocate the budgeted expenses for such professionals to Fennemore to mitigate against incurring additional expenses.

8.    Fennemore has agreed to comply with all applicable guidelines of the United States Trustee in seeking compensation in this case, and has accepted no compensation relating to this case, other than as disclosed herein.

9.    Fennemore has agreed that no compensation for services rendered shall be paid except upon the application to, and approval by, the Bankruptcy Court.

10.    This application is made pursuant to 11 U.S.C. § 327(e), Bankruptcy Rule 2014, and Local Rule of Bankruptcy Procedure 2014-1.

**WHEREFORE**, the Debtor respectfully requests that the Court approve the employment of Fennemore to represent the Debtor as special counsel.

DATED: February 19, 2026.

**ALLEN, JONES & GILES, PLC**

*/s/ Philip J. Giles, #30340*
Philip J. Giles
Ryan M. Deutsch
1850 N. Central Ave., Suite 1025
Phoenix, AZ 85004
*Attorneys for Debtor*

**E-FILED** on February 19, 2026 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

/ / /

/ / /

/ / /

/ / /

**COPY** e-mailed the same date to:

Edward K. Bernatavicius
OFFICE OF THE U.S. TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, AZ 85003
edward.k.bernatavicius@usdoj.gov
*U.S. Trustee*

Janel M. Glynn
The Burgess Law Group
3131 E. Camelback Road #224
Phoenix, AZ 85016
janel@theburgesslawgroup.com
dana@theburgesslawgroup.com
angie@theburgesslawgroup.com
*Attorneys for El Rio Health*

Steven D. Jerome
Emily Ildar Yaron
SNELL & WILMER, LLP
1 East Washington, Suite 2700
Phoenix, AZ 85004
sjerome@swlaw.com
eyaron@swlaw.com
pshanahan@swlaw.com
docket@swlaw.com
*Attorneys for The NARBHA Institute*

Scott A. Zuber
CSG LAW
105 Eisenhower Parkway
Roseland, NJ 07068
szuber@csglaw.com
*Attorneys for Cardinal Health*

Khaled Tarazi
Buchalter
15279 N Scottsdale Road, Suite 400
Scottsdale, AZ 85254
ktarazi@buchalter.com
*Attorney for McKesson Corporation*

Robert P. Harris
Kaitlyn T. Swift
Quarles & Brady, LLP
Two North Central Avenue, Suite 600
Phoenix, AZ 85004
robert.harris@quarles.com
Kaitlyn.swift@quarles.com
*Attorneys for Northern Arizona Health*

Jody A. Corrales
DeConcini McDonald
Yetwin & Lacy, P.C.
2525 East Broadway, Suite 200
Tucson, AZ 85716
jcorrales@dmyl.com
*Attorney for Avatar Arizona Med Portfolio,*
*LLC*

Jessica Bagdanov
BG Law, LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
jbagdanov@bg.law
*Pro Hac Vice Counsel for Avatar Arizona*
*Med Portfolio, LLC*

Alan A. Meda
BURCH & CRACCHIOLO, P.A.
1850 North Central Avenue, Suite 1700
Phoenix, Arizona 85004
ameda@bcattorneys.com
*Attorneys for Square Peg Development,*
*LLC*

Samuel G. Coppersmith
Chelsea Sage Gaberdiel
Coppersmith Brockelman PLC
2800 N Central Avenue, Suite 1900
Phoenix, AZ 85004-1241
scoppersmith@cblawyers.com
cgaberdiel@cblawyers.com
*Attorneys for Williams Hospital District*

*///*

| | |
|---|---|
| 1 | Aaron T. Martin |
| | Martin Law & Mediation PLLC |
| 2 | 11811 N. Tatum Blvd., Suite 3031 |
| | Phoenix, AZ 85028 |
| 3 | aaron@martinlawandmediation.com |
| | *Attorney for Samantha Withers, Eugenia* |
| 4 | *Higley, Tiffany Hull, Gayle Walker-* |
| | *Parrish, Colleen Savage, Brianna* |
| 5 | *Savattere, Arlene Sanchez Rodriguez,* |
| | *Suzanne Barrow, Terilyn Brasher, Savanna* |
| 6 | *Spry, Emmalyne Musser, Tatum Carlson,* |
| | *Barbara Crow, Denise Buchanan, Savanna* |
| 7 | *Baker, Mark Walsh, Michael Edwards and* |
| | *Mary Edwards, Nicole Kelly-Gordon,* |
| 8 | *Elizabeth Bloodsaw, Danelle Jackson,* |
| | *Donna D'Agostino, Lisa Blasko, Justin* |
| 9 | *Dorotheo and Allegra Dorotheo,* |
| | *Mackenzie Scrivner, Caitlynn Stevenson,* |
| 10 | *Jane Stevenson, Forrest Estep, Astrid* |
| | *Lopez, Vonceil Sanchez, Christopher* |
| 11 | *Hochuli, Jeannette Varela, and Christine* |
| | *Guffey* |

Aaron T. Martin
Martin Law & Mediation PLLC
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028
aaron@martinlawandmediation.com
*Attorney for Samantha Withers, Eugenia Higley, Tiffany Hull, Gayle Walker-Parrish, Colleen Savage, Brianna Savattere, Arlene Sanchez Rodriguez, Suzanne Barrow, Terilyn Brasher, Savanna Spry, Emmalyne Musser, Tatum Carlson, Barbara Crow, Denise Buchanan, Savanna Baker, Mark Walsh, Michael Edwards and Mary Edwards, Nicole Kelly-Gordon, Elizabeth Bloodsaw, Danelle Jackson, Donna D'Agostino, Lisa Blasko, Justin Dorotheo and Allegra Dorotheo, Mackenzie Scrivner, Caitlynn Stevenson, Jane Stevenson, Forrest Estep, Astrid Lopez, Vonceil Sanchez, Christopher Hochuli, Jeannette Varela, and Christine Guffey*

Gerald L. Shelley
Stacy Porche
Fennemore Craig, PC
2394 E. Camelback Rd., Ste. 600
Phoenix, AZ 85016-3429
gshelley@fennemorelaw.com
sporche@fennemorelaw.com
*Attorneys for Ascend Healthcare*

Joseph D. Williams
GUST ROSENFELD
One South Church Ave
Tucson, AZ  85701
jwilliams@gustlaw.com
*Special Counsel*

Louisa A. Soulard
Lydia J. Jines
Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Louisa.soulard@usdoj.gov
Lydia.jines@usdoj.gov
*Attorney for United States*

Ronald J. Ellett
Ellett Law Offices, PC
2999 N 44th Street, Suite 330
Phoenix, AZ 85018
rjellett@ellettlaw.com
*Attorneys for William E. Shaver Trust of 2000*

Karl D. Burrer
Greenberg Traurig, LLP
1000 Louisiana St., Suite 6700
Houston, Texas 77002
Burrerk@gtlaw.com
*Attorneys for JP Morgan Chase Basnk, NA*

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | Nicole M. Goodwin<br>Greenberg Traurig, LLP |
| 2 | 2375 East Camelback Road, Suite 800<br>Phoenix, Arizona 85016 |
| 3 | Nicole.Goodwin@gtlaw.com<br>*Attorneys for JP Morgan Chase Bank, NA* |

1 Nicole M. Goodwin
Greenberg Traurig, LLP
2 2375 East Camelback Road, Suite 800
Phoenix, Arizona 85016
3 Nicole.Goodwin@gtlaw.com
*Attorneys for JP Morgan Chase Bank, NA*

Mark L. Desgrosseilliers
Aaron J. Bach
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
desgross@chipmanbrown.com
bach@chipmanbrown.com
*Attorney for Nuvem Rx, LLC*

6
7 Chelsea Sage Gaberdiel
Coppersmith Brockelman, PLC
8 2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
cgaberdiel@cblawyers.com
9 *Attorneys for Williams Hospital District of Coconino County*

11 */s/ Gail Ivey*

# Exhibit A

**FENNEMORE.**

**Ryan C. Curtis**
**Director**
**Admitted in Arizona and Nevada**
rcurtis@fennemorelaw.com

2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
PH (602) 916-5426 | FX (602) 916-5626
fennemorelaw.com

February 17, 2026

**VIA EMAIL**

Anne Newland, MD, MPH
Chief Executive Officer
North Country Healthcare, Inc.
2920 N. 4th Street
Flagstaff, AZ 86004
anewland@nchcaz.org

      Re:    Engagement - Assistance with Department of Labor Investigation / Litigation
             Defense

Dear Dr. Newland:

I am writing to confirm the terms of Fennemore Craig's representation of North Country Healthcare, Inc. ("North Country") and the North Country Healthcare, Inc. Welfare Benefit Plan ("Plan") in connection with the Department of Labor's investigation of the Plan and a pending litigation matter brought by Plan participants alleging unpaid claims. We appreciate the opportunity to work with you.

We understand North Country is being investigated by the U.S. Department of Labor regarding the administration of the Plan. We also understand there is a pending litigation matter by health plan participants against North Country, the Plan, and individual Plan fiduciaries including you, John Andrews, and Melinda Morales filed in the Federal District Court for the District of Arizona (case no. 3:25-cv-08235-MTL). I note that for now, this firm will be representing North Country and the Plan, and not the fiduciaries in their individual capacity. However, in the event fiduciary liability insurance or other coverage is approved, this firm could be retained by the individual Plan fiduciaries through a separate engagement letter. However, as part of our representation of North Country and the Plan in the Department of Labor investigation, we will be able to work with the individual fiduciaries to prepare them for Department of Labor interviews, and to attend such interviews, but that we will be representing them in their capacities as representatives of North Country and the Plan, but not in their individual capacities. Individual fiduciaries have the right and may want to consider retaining separate counsel. Further, our ability to represent North Country and the Plan is based on separate conflict of interest waivers that have been executed.

My current hourly rate is $670. The current hourly rate for firm partner Andrea Marconi and associate David Sieck, who will be working on this matter with me, are respectively $640 and $495. Other attorneys, if needed, will be billed at hourly rates which currently range from $380-$1,100, depending on levels of experience. Certain tasks may be assigned to paraprofessionals at hourly rates that currently range from $275-$390. Our rates may change periodically. Billings for services will be based on the factors described in the enclosed Terms of Engagement.

I understand that our representation is contingent on being approved by the bankruptcy court. Further, I understand that once we are approved, North Country will pay $10,000 to this firm that we will bill against and that North Country will replenish that amount as needed on a monthly basis while possible. We will bill monthly and expect payment within 30 days.

I encourage you to contact me with any questions or comments you may have in the future regarding our statements or services.

Please review this letter and the enclosed Terms of Engagement, which are incorporated herein, and if the terms and conditions of the engagement are satisfactory, please sign and return to me a copy of this letter.

Call if you have any questions. We look forward to working with you.

Sincerely,

FENNEMORE CRAIG, P.C.

Ryan C. Curtis

I have reviewed this letter and the enclosed Terms of Engagement and I agree to the terms and conditions in both.

2/18/2026

Anne Newland, MD, MPH
Chief Executive Officer
North Country Healthcare, Inc.

cc:   Phil Giles
      Allen, Jones & Giles, PLC
      pgiles@bkfirmaz.com

      Joseph Williams
      Gust Rosenfeld, PLC
      jwilliams@gustlaw.com

<u>**TERMS OF ENGAGEMENT**</u>

TO OUR CLIENTS:

Fennemore Craig's standard terms of engagement for providing legal services are summarized below. These terms are an integral part of our agreement to provide you with legal services. Please contact us promptly after reading these terms if you have any questions.

1.      Who is Our Client? It is our policy to represent only the person or entity identified in our engagement letter. Unless specifically stated in that letter, our representation of you does not extend to any of your affiliates, employees, officers, shareholders, or any entities in which you own an interest. If you are a partnership, our representation does not extend to the individual partners of the partnership. If you are a trade association, our representation excludes members of the trade association. If you are an individual, our representation does not include your spouse, siblings, or other family members. In addition, the advice and communications which we render on your behalf are not intended to be disseminated to or relied upon by anyone else without our written consent.

2.      Conflicts.

(a)      The firm represents many other companies and individuals. It is possible that during the time that we are representing you, some of our present or future clients will have disputes or transactions with you. You agree that we may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse to your interests, including in litigation. We agree, however, that the above consent shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that if known to such other client, could be used in any such other matter by such client to your material disadvantage. In similar engagement letters with many of our other clients, we have asked for similar agreements to preserve our ability to represent you.

(b)      In addition, you agree that we may disclose the fact of our representation of you, without disclosing the nature of such representation, to other current or future clients that may be adverse to you for the purpose of obtaining such other clients' consent to any conflict of interest that may be presented by our representation of you and such other client. We will not disclose to the other client any confidential information pertaining to our representation of you.

3.      Fees.   We encourage you to discuss with us at any time any questions you might have concerning our billing procedures. We charge fees that are reasonable based on criteria for reasonableness set forth in the Arizona Rules of Professional Conduct, which include the time,

effort and skill required to perform the services properly, the novelty and complexity of the issues, time constraints imposed by the client or by the nature of the matter, the degree of risk imposed on the lawyer, the amount involved and the results achieved. In many cases, the fees billed will be based in substantial part on our standard hourly billing rates. Standard hourly rates may change periodically, and any changes will be reflected in our monthly billing statements.

4.      Billing and Costs.

(a)      We ordinarily bill monthly. We request that you review any billing statements promptly upon receipt to determine if you have any questions or comments. Our billing statements are due and payable upon receipt. We ask and expect payment of our statements on a current basis, as delayed payment adds to our overall costs of providing services. Interest at the rate of 12 percent per annum will be assessed on all amounts over 30 days past due. We bill for all costs advanced for items such as filing fees, expert witness fees and travel expenses. Bills will also include charges for other costs, such as long distance telephone charges, outgoing telecopier charges ($.75 per page for transmission plus long distance charges), document reproduction costs ($.20 per page), messenger charges, and under certain circumstances, secretarial overtime, including related overhead in appropriate instances. Any changes in these routine charges will be reflected in our monthly billing statements.

(b)      We make every effort to include disbursements in the statement for the month in which the disbursements are incurred. However, some disbursements, such as telephone charges, are not available to us until sometime after the month in which the service related to the charge was performed, in which case either a supplemental statement will be prepared, or an estimated amount will be included in the initial billing and an adjustment made when the actual disbursement information is available.

(c)      We may request and you agree to pay certain large disbursements, such as appraisal fees and expert witness fees, directly to the third party provider.

(d)      We look to the client for payment regardless of whether the client is insured to cover any particular risk. From time to time, we assist clients in pursuing third parties for recovery of attorneys' fees and other charges resulting from our services. These situations include payments under contracts, statutes or insurance policies. However, it remains the client's obligation to pay all amounts due to us upon receiving our statement.

(e)      It is the firm's policy that, if an invoice remains unpaid for more than 90 days, then, absent extraordinary circumstances and subject to legal ethics constraints, we reserve the right to terminate representation, and you hereby authorize us to withdraw from all representation of you. Any unapplied deposits will be applied to outstanding balances. Generally, the firm will not recommence its representation or accept new work from you until your account is brought current and a new deposit for fees and costs, in an amount that the firm determines, is paid to us.

5.      Funds Deposited with Fennemore Craig.

(a)      Retainers.  We frequently obtain an advance retainer from new clients, and from existing clients under certain circumstances, to secure the payment of our fees and recoverable expenses.  The amount and terms of the retainer arrangement are determined after consultation with the billing attorney.  It occasionally may be appropriate to require an additional retainer after the commencement of the engagement, depending on payment history or on the scope of the work.  The retainer will be held in a general firm trust account, with interest payable to the Arizona Foundation for Legal Services and Education.  Although we will typically hold the retainer in trust and apply it to our final invoice, we reserve the right to apply the retainer to our fees and expenses as we earn or incur them from time to time over the course of the engagement, in which case we may ask you to maintain the advance retainer at the amount of the initial retainer or some other amount.  Retainer disbursements will be detailed on our billing statements sent to you.

(b)      Other Funds.  Occasionally, funds due to the client will be deposited with Fennemore Craig for the benefit of the client.  Absent other agreement with the client, such funds will be deposited in a general firm trust account, with interest payable to the Arizona Foundation for Legal Services and Education.

6.      Estimates.  Any estimates of anticipated fees that we provide, for budgeting purposes or otherwise, are, due to the uncertainties involved, necessarily only an approximation of potential fees.  Such estimates are not a maximum or minimum fee quotation.

7.      Opinions.  During the course of our representation of you, we may express opinions or beliefs concerning litigation or various courses of action and the results that might be anticipated.  Any such statement is intended to be an expression of opinion only, and should not be construed by you as a promise or guarantee.

8.      Client Responsibilities.  Recognizing that we cannot effectively represent you without your cooperation and assistance, you agree to cooperate with us and to provide promptly all information known or available to you that is relevant to the subject matter of our representation or otherwise requested by us, including any changes in the name, address, telephone number, contact person, e-mail address, state of domicile or other relevant changes regarding you or your business.  Failure to provide requested information could reduce the effectiveness of our representation.  It is essential that we be able to reach you when needed.  If you affiliate with, acquire, or are acquired by or merge with another company, you agree to provide us with sufficient notice to permit us to determine whether such affiliation, acquisition or merger creates a conflict of interest between any of our clients and the other party to such affiliation, acquisition or merger.

9.      Credit Checks.  Depending on the nature of our representation of you, we may from time to time request information from credit reporting agencies for the purpose of verifying or

considering your credit status. Your engagement of Fennemore Craig will constitute your authorization to perform such credit checks.

10. **Representation of Lawyers.** We sometimes represent lawyers and law firms, and we are sometimes represented by other lawyers and law firms in matters unrelated to our representation of you. Because we do not believe these representations will materially limit our responsibilities to you or will otherwise adversely affect our representation of you, we do not believe these representations present conflicts of interest, including where any such firm also represents a client whose interests are opposed to yours in either a litigation or transactional setting. If, however, you have any concerns about whether such a relationship exists between this firm and the law firm that represents a client whose interests are adverse to yours in connection with this representation, please ask us whether there is any such relationship and we will attempt to address your concerns. Otherwise, you agree that we may represent or be represented by lawyers or law firms that also represent clients whose interests are adverse to yours.

11. **Renewals, Updates, and Other Filings.** Unless otherwise specifically agreed upon in advance in writing, we do not undertake to complete or file any initial, annual, or other periodic report required by any governmental agency. Such reports include, without limitation, beneficial owner information reports required under federal law and annual information reports required under applicable state law. In addition we do not undertake to renew or maintain any trademarks, trade names, patents, UCC financing statements, judgments or other filings unless (i) otherwise specifically agreed upon in writing, and (ii) we are currently representing you at the time such renewal is required. As a matter of courtesy only, we may from time to time voluntarily provide you with notices of future events or activity affecting your rights related to such filings or other documentation we have prepared, but any such notices shall not be regarded as evidence of an obligation to provide them to you or any assurance that such notices will be provided in the future.

12. **Termination.** Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct and our obligation to give you reasonable notice to arrange for alternate representation. The engagement shall also terminate on the completion of our services hereunder. Our relationship will also be considered terminated if no matters are pending and there have been no communications between us for three months or more, unless otherwise agreed to in writing. You will remain obligated to pay for fees and costs incurred prior to termination.

13. **Post-Engagement Matters.** Unless our engagement is by its nature a continuing one (as when we are initially engaged to handle one of a series of separate matters that will be referred to us in connection with an ongoing project) or unless the engagement letter specifically reflects that our engagement is intended to continue beyond the current matter, our engagement will cease upon completion of the matter for which you have engaged us. Upon conclusion of the tasks we have been asked to perform in connection with this engagement, we will have no duty to inform you of future developments or changes in the law affecting any of your interests including your

interests in the matter subject to this engagement. To the extent that we voluntarily provide you with newsletters, documents or information concerning such matters following the conclusion of this engagement, such provision shall be considered a matter of courtesy only and shall not be considered the fulfillment or basis of any duty or the re-establishment of any attorney-client relationship.

14. **Retention and Destruction of Documents.** Following the conclusion of this engagement, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. At your request, your papers, property and documents will be returned to you promptly. Our own files pertaining to the matter, which include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work reports, prepared by or for the internal use of lawyers, will be retained by the firm. If you do not request the return of your records, your records will be destroyed following the period of time specified by our document retention / destruction policy. This period may vary depending on the nature of the engagement involved. In any event, all files may be destroyed seven years following the conclusion of the engagement.

15. **Fee Arbitration.** In the unlikely event of any dispute regarding the amount or payment of fees, we have the right to terminate our legal representation in this matter, subject to our obligation to give you reasonable notice to arrange for alternate representation. We mutually agree that any such fee dispute shall be submitted to mandatory binding arbitration. While arbitration is a faster, less costly and less publicized avenue for resolving disputes, you should know that in agreeing to arbitration, you are waiving your right to a trial by jury. Because of this, you are encouraged to seek the advice of independent counsel before agreeing to these terms. Such arbitration shall be conducted in accordance with procedures established by the State Bar of Arizona before an arbitrator or arbitrators selected in accordance with those procedures, who shall hear and resolve the dispute in Maricopa County, Arizona. The decision of the arbitrator(s) shall be final and binding on the parties. Judgment on any arbitration award may be entered in accordance with the provisions of the Uniform Arbitration Act, as adopted in Arizona, A.R.S. §§12-1501 et seq., and of the Arizona Rules of Civil Procedure. The prevailing party in any such arbitration shall be entitled to an allowance of reasonable attorneys' fees and other costs incurred as a result of the action or proceeding.

16. **Mediation.** As to any claim or dispute arising out of or connected with our services, other than a fee dispute covered by the preceding paragraph, we mutually agree to attempt in good faith to settle the dispute by non-binding mediation before commencing any legal action or other dispute resolution procedure.

17. **Affiliations.** Fennemore Craig is a member of one or more networks of independent law firms, such as The Toledo Group, a national network of independent law firms that seeks to share experiences and best practices in law firm administration, management, technology and

service. Although a member of one or more such organizations, Fennemore Craig is completely independent and does not have common operations, share fees or collaborate on a pre-arranged basis with other member firms. If collaboration with other independent members of organizations is appropriate to serve your needs, Fennemore Craig will discuss the specific engagement with you.

18.     Confidentiality.     We will maintain all information regarding your representation confidential in accordance with the Arizona Rules of Professional Conduct. From time to time we may have discussions with other lawyers for the purpose of considering their employment by Fennemore Craig, or law firms for the purpose of considering a potential combination with such law firms. During the course of those discussions it may be necessary to disclose your identity as a client or fee and billing information relating to our representation of you. Such disclosure shall be subject to a confidentiality agreement between us and such other lawyers or law firms, and you agree that we may disclose such limited information for these purposes.

19.     Multi-Party Representation.

(a)     Under the Rules of Professional Conduct, we are permitted to represent multiple clients in a matter as long as we can adequately represent the interests of each client and each client knowingly consents to the joint representation. If this matter involves our representation of multiple clients, either at the commencement or during the course of the representation, we believe, based on the information available to us at the time of undertaking the joint representation, that there are no conflicts of interest among the clients that would prevent us from undertaking their joint representation. Accordingly, we will share all material information relating to the representation with all clients; although our communications with one or more of you are protected by the client-attorney privilege vis-à-vis all third parties, information any one of you shares with us is not protected by the privilege among yourselves. While the interests of the multiple clients may be similar in many respects, they may not be identical and a conflict may develop at some later date. If at any time you become aware of any conflict or potential conflict between your interests and those of another client, you agree to communicate with us immediately so that we can determine whether we can continue to represent any of the clients. If the parties disagree on any issue, we will ask you to resolve your differences among yourselves, without our assistance. If you cannot resolve your differences, we will not be able to represent any one of you as to that issue. If the differences are serious enough, we may be required by applicable ethics rules to withdraw from the matter completely.

(b)     While our bills may only be sent to one party of the multi-party representation, all parties to the representation are jointly and severally responsible for payment of our fees and costs, unless otherwise agreed to in writing.

(c)     If fewer than all parties have agreed to pay our fees and costs for the benefit of all, those clients who will not be responsible for payment of our fees and costs have consented to our

joint representation of all clients notwithstanding that our fees and costs will be paid by one or more of the other clients.

20.     Local Counsel.  If you have engaged us as Arizona counsel to work with lawyers outside Arizona whom you have engaged for the specific purpose of having overall responsibility for the matter for which you have engaged us ("nonresident counsel"), our responsibility will be limited to consulting with nonresident counsel about matters of Arizona law and procedure. Notwithstanding this limitation, we will undertake any tasks necessary to comply with our obligations under state and federal rules and, pursuant to direction from nonresident counsel, we will undertake other tasks and responsibilities necessary to accomplish the goal of the representation.  Performing services as local counsel requires us to review correspondence and pleadings sufficient to understand the tasks we may be requested to perform, fulfill our obligations under state and federal rules, and respond to inquiries from parties, counsel, courts, and governmental agencies.  The reasonable time required for these activities will be billed and paid in accordance with these Terms of Engagement.

21.     Representation of Attorneys.  If you are an attorney or a law firm, our work on your behalf will be limited to the work described in the accompanying engagement letter.  Because we may represent clients in business and litigation matters where your firm represents a party with interests adverse to those of our other clients, the potential exists that actions taken by Fennemore Craig on behalf of its clients could directly or indirectly impact you and your firm.  Examples are claims of conflict of interest, requests for discovery sanctions, and objections to fee applications. Accordingly, our representation of you and your firm is with the understanding that you consent to any conflict of interest with respect to our representation of other clients with respect to such matters.

22.     Representation of Spouses.  Spouses can have differing, and sometimes sharply conflicting, interests and objectives regarding matters such as estate plans.  If each spouse had their own separate attorney, each would have an "advocate" for their position and each would receive totally independent and confidential advice from their own attorney.  All information given to the separate attorney would be confidential, and none of that information could be disclosed to the other spouse without consent.  This is not the case when one firm advises both spouses jointly. If we represent both spouses, we cannot be an advocate for one against the other.  Information that either spouse gives to us cannot and will not be kept by us from the other spouse.  If you have asked us to advise you jointly, our effort will be to assist you jointly and encourage the resolution of any differences of opinion or conflicting interests in an equitable and logical manner.  As to those matters on which your individual interests may differ, we will attempt to explain to both of you the interests of each of you, and the effect on each of you of a particular course of action.  If at any time during our representation of you either spouse wishes to retain separate counsel, the one desiring separate counsel may terminate our representation and we will be free to continue to represent the other spouse.  However, we will be unable to continue to represent either spouse, without the consent of the other, in this or any substantially related matter in which your interests

may be adverse. If we conclude that a serious or potentially serious conflict of interest between the spouses has developed, or is likely to develop, and that we should therefore not continue to represent either spouse, we will promptly notify both of you that we can no longer continue to represent either of you. In that event we will not be obligated to disclose to either spouse the precise reason or reasons why we have concluded that we should discontinue the representation.

23. Representation of Employees and Employers. If we are representing both an employer and employee as joint clients, we have formed a judgment that employee's and employer's interests are sufficiently aligned that no conflict of interest is presented by the joint representation. If employer has agreed to pay our fees and expenses for both employer and employee, employee consents to such payment by employer. We urge employee, however, to consult with another attorney of her or his choice about our representing both employee and employer. Either party has the right to discharge us at any time, for any reason. If we learn something from either employee or employer that is relevant and material to the other concerning this matter, each agrees that we will share such information with the other, even if it is something employee or employer would otherwise want to be kept secret. If at some point we believe a conflict exists or is likely to develop between employee and employer, employee agrees that we may withdraw from representing employee and continue representing employer. Moreover, employee agrees that we will be permitted to use information gained from employee to defend employer, even if the information is something employee would want to be kept secret. Employee also agrees that we will be permitted to use this information if employee discharges us.

24. Artificial Intelligence. We anticipate that during the course of this engagement, the firm will use generative artificial intelligence ("GenAI") to enhance and streamline certain aspects of our services. Like any technology, GenAI carries some degree of risk, which may include risk of errors in GenAI-generated content, data security vulnerabilities and system malfunctions. We have implemented reasonable measures to safeguard against these risks and our lawyers maintain oversight of GenAI-generated outputs. Accordingly, we believe and you agree that the benefits of using this technology outweigh the related risks, and you consent to use of this technology.

25. Insurance Coverage. If the services we are engaged to perform relate to the defense of your intellectual property rights, or other interests in litigation, your comprehensive general liability or other liability insurance may provide some reimbursement for the associated legal fees. You should contact your insurer or broker to determine the nature and extent of any applicable coverage. Our representation does not include responsibility for review of your insurance policies to determine the possibility of coverage for the matters subject to our representation, or for notification of your insurance carriers about the matter. It is the client's responsibility to pay the firm for services rendered and to obtain reimbursement from any insurer, unless we have otherwise agreed with you and your insurer.

26. Representation of Insureds. If our representation of you arises out of a matter for which you have insurance, and your insurance company has agreed to pay our fees and costs, you

consent to our representation of you in such matter notwithstanding the payment of our fees and costs by an insurance company. We have accordingly formed a judgment that such payment will not interfere with our independent professional judgment or our relationship with you, our client. Moreover, except as provided below, information relating to your representation will be kept confidential unless you consent to its disclosure.

Notwithstanding the foregoing, if this matter is covered by insurance in whole or in part, you agree that we will share with your insurance company this engagement letter and the Terms and Conditions of our engagement by you, or your insurance company on your behalf. Your insurance company accordingly agrees that it is not the firm's client and that the firm may represent clients with interests adverse to it in unrelated matters, including litigation.

Although we may share certain information regarding this matter with, and provide periodic reports to, your insurance company, and will comply with guidelines issued by your insurance company to counsel retained on behalf of insureds that are not inconsistent with the Terms and Conditions of this engagement, under the Rules of Professional Conduct our duties run primarily to you, the insured. Should we obtain information in the course of our representation that may relate to a coverage dispute between you and your insurance company, we will not furnish such information to you or your insurance company, except that we shall advise you, and your insurance company hereby consents to such advice, of the existence of a possible coverage dispute and that you may want to consult with separate counsel with respect to that dispute. If a coverage dispute should develop, we will not represent you or your insurance company in such dispute.

27.     **Federally Regulated Financial Institutions.** If you are a federally regulated financial institution, our engagement, unless expressly described otherwise in the accompanying engagement letter, will be limited to assisting you with the structuring, negotiation, documenting and closing of your financing transactions, and conducting a legal review (the scope of which will be defined at the commencement of each separate transaction) of certain due diligence matters pertaining to each prospective borrower's business. In connection with the foregoing, we will also assist you with the federal regulatory aspects of your receipt of equity enhancements (*e.g.*, warrants and success fees) in connection with your financing transaction and the effect on, and applicability to, your financing transaction of federal margin stock laws and regulations; however, if we are not your counsel with respect to general corporate compliance matters, we will not otherwise undertake any responsibility for assuring that, with respect to any of the financing transactions, you will be complying with applicable state or federal laws and regulations because of your legal or regulatory status or because of the general nature of your business, including, without limitation, capital adequacy requirements, lending limits, restrictions on affiliate and insider transactions, rules regarding interlocking boards of directors, governmental reporting and licensing requirements, and federal, state or local tax matters. Of course, you may limit or expand the scope of our representation from time to time, provided that any such expansion is agreed to by us.

We are pleased to represent you and we look forward to a mutually satisfying relationship. Again, if at any time you have a question or concern, please feel free to bring it to the attention of the attorney or attorneys responsible for your representation at Fennemore Craig.

63394094

# Exhibit B

Philip J. Giles, State Bar #30340
David B. Nelson, State Bar #34100
Ryan M. Deutsch, State Bar #38776
**ALLEN, JONES & GILES, PLC**
1850 N. Central Ave., Suite 1025
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: pgiles@bkfirmaz.com
        dnelson@bkfirmaz.com
        rdeutsch@bkfirmaz.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| NORTH COUNTRY HEALTHCARE, INC., | Case No. 3:25-bk-12293-DPC |
| Debtor. | **VERIFIED STATEMENT OF RYAN C. CURTIS IN SUPPORT OF APPLICATION TO EMPLOY SPECIAL COUNSEL FOR THE DEBTOR** |

STATE OF ARIZONA      )
                      ) ss.
County of Maricopa    )

I, Ryan C. Curtis, being first duly sworn upon my oath, depose and state:

1. I am a partner with the law firm of Fennemore, and I have been practicing law in Arizona since 2007. I am executing this statement in support of the *Application to Employ Special Counsel for the Debtor* in the above-referenced case ("Application").

2. As set forth in the Application, Fennemore and I will serve as ERISA counsel for the Debtor, North Country HealthCare, Inc. ("Debtor"), and assist the Debtor with the U.S. Department of Labor's investigation as to the Debtor's self-funded health plan and in defending the ERISA Litigation as necessary. Fennemore will further assist

the Debtor with securing coverage from Debtor's insurance carrier to help cover the legal fees incurred in connection with the ERISA Litigation.

3.      The Debtor agreed to pay Fennemore on an hourly basis for the above-referenced services.   The rates, which my firm customarily charges for services of the above-referenced kind, are:

| | |
|---|---|
| Ryan C. Curtis, Partner | $670.00 per hour |
| Andrea L. Marconi, Partner | $640.00 per hour |
| David Sieck, Associate | $495.00 per hour |
| Paraprofessionals | $275–$375 per hour |

These rates are subject to periodic adjustments to reflect economic and other conditions, and with respect to those individuals below the level of member, to reflect their increased experience and expertise in this area of law.

4.      Fennemore will make periodic applications for interim compensation and notate which compensation or portions of compensation may be covered by the Debtor's insurer.

5.      Neither my firm nor I have any agreements with other entities with respect to the compensation to be received pursuant to Fennemore's agreement with the Debtor.

6.      Currently, Fennemore, through attorneys other than those named in this Verified Statement and the Application, represents Ascend Healthcare, Inc. ("Ascend"), a creditor in the Debtor's bankruptcy case. Fennemore has disclosed its representation of Ascend to the Debtor, and Fennemore has disclosed to Ascend that the Debtor has requested Fennemore to assist it with ERISA-related matters. After such disclosure, both Ascend and the Debtor have waived all conflicts that arise from or could arise from the potential dual representation and consented to such dual representation. Copies of the conflict waivers executed by both Ascend and the Debtor are attached hereto as **Exhibits 1** and **2.**

7.    Based upon my investigation to date and in consideration of the conflict waivers noted above, neither Fennemore nor I hold an interest adverse to the Debtor or any creditors in this case, that would conflict with our ability to serve as special counsel to the Debtor under 11 U.S.C. § 327(e).

8.    I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 19, 2026.

/s/ _Ryan C. Curtis_
Ryan C. Curtis

SUBSCRIBED AND SWORN to before me on February 19, 2026 by Ryan C. Curtis.

_____
Notary Public

My commission expires: August 13, 2026

KRISTI FORD
Notary Public - Arizona
Maricopa County
Commission # 630693
My Comm. Exp. August 13, 2026

# Exhibit 1

**FENNEMORE.**

**Ryan C. Curtis**
**Director**
**Admitted in Arizona and Nevada**
rcurtis@fennemorelaw.com

2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
PH (602) 916-5426 | FX (602) 916-5626
fennemorelaw.com

February 17, 2026

**VIA EMAIL**

Michael Pelletier
Ascend Healthcare, Inc.
mpelletier@ascendtelehealth.com

Re:     Waiver of Conflict of Interest – North Country Healthcare, Inc.

Dear Mr. Pelletier:

I am writing pursuant to email exchanges you had with Gerald Shelley regarding a conflict of interest waiver related to work North Country Healthcare, Inc. ("North Country") asked us to perform. North Country has asked us to assist with matters related to its employee health plan including defense of a Department of Labor investigation and a pending litigation matter raised by health plan participants. Because this firm has ongoing matters for Ascend Healthcare, Inc. ("Ascend") directly related to North Country's bankruptcy, we are writing to request a waiver of conflicts of interest. North Country was already aware of Fennemore's representation of Ascend related to North Country's bankruptcy and is likewise willing to waive any conflict of interest. As Gerald addressed with you by email on February 9, 2026, from our perspective, Ascend may want consider waiving a conflict because our representation of North Country will help facilitate resolution of the Department of Labor matter may lead to eventual distributions from the bankruptcy estate.

Under Rule 1.7 of Arizona's rules of professional conduct, which apply to all Arizona lawyers, my firm and I may not be adverse to a client, even on an unrelated matter, without the informed consent of each affected client. This means that the firm must explain both to Ascend and North Country the material risks of representing the North Country, and that the firm cannot proceed with the representation unless both consent..

In deciding whether to consent, you should consider how our representation of the North Country described above could or might affect Ascend. The proposed work for North Country and the matters in which we are representing Ascend are not directly related, although work we will be doing for North Country may help resolve issues affecting North Country's bankruptcy and may lead to Ascend being able to resolve claims it has in North Country's bankruptcy. We do not believe there is any material risk that our commitment and dedication to Ascend's interests will be adversely affected, and we believe we will be able to provide competent and diligent representation to Ascend. Further, we will not share with the North Country any privileged, sensitive, proprietary, or other confidential information of a nonpublic nature acquired by us as a result of our representation of Ascend with North Country. Nor can or will we share with Ascend any such information regarding North Country.

**FENNEMORE.**

Although there is no requirement that you do so, you may want to consult with independent counsel before deciding whether to consent.

Please review this matter carefully. If you have any questions that you would like me to answer prior to reaching a decision on this issue, please let me know. If you are willing to consent after review, please sign the enclosed copy of this letter below and return it to me or Gerald Shelley.

Sincerely,

FENNEMORE CRAIG, P.C.

Ryan C. Curtis

Ascend Healthcare, Inc. understands the risks and alternatives described above and consents to the representations set forth above.

Michael Pelletier                                          Date  2/19/2026
Ascend Healthcare, Inc.

cc:     Nicole Byers
        Nbyers@ascendtelehealth.com

        Gerald Shelley
        gshelley@fennemorelaw.com

        Jessica Post
        jpost@fennemorelaw.com

63391911

# Exhibit 2

**FENNEMORE.**

**Ryan C. Curtis**
**Director**
**Admitted in Arizona and Nevada**
rcurtis@fennemorelaw.com

2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
PH (602) 916-5426 | FX (602) 916-5626
fennemorelaw.com

February 17, 2026

**VIA EMAIL**

Anne Newland, MD, MPH
Chief Executive Officer
North Country Healthcare, Inc.
2920 N. 4th Street
Flagstaff, AZ 86004
anewland@nchcaz.org

      Re:     Waiver of Conflict of Interest – Ascend Healthcare, Inc.

Dear Dr. Newland:

      I am writing to inform you of a conflict of interest and to seek a conflict waiver necessary to allow this firm to represent North Country Healthcare, Inc. ("North Country") related to a Department of Labor investigation of North Country's health plan and a pending litigation matter by health plan participants alleging that health plan claims have gone unpaid. A conflict waiver is necessary because this firm currently represents Ascend Healthcare, Inc. ("Ascend") related to claims it has against North Country in North Country's current bankruptcy matter. Ascend has agreed to waive a conflict on its part. So that we can do this work we are writing to request a conflict waiver from North Country. We believe the factual and legal issues that are likely to arise in this work for North Country will be unaffected by ongoing work Fennemore performs for Ascend.

      Under Rule 1.7 of Arizona's rules of professional conduct, which apply to all Arizona lawyers, my firm and I may not be adverse to a client, even on an unrelated matter, without the informed consent of each affected client. This means that the firm must explain to North Country and to Ascend the material risks of representing North Country, and that the firm cannot proceed with the representation unless both consent.

      In deciding whether to consent, you should consider how our representation of Ascend could or might affect North Country. The proposed work for North Country and the matters in which we represent Ascend are not directly related, although work we will be doing for North Country may help resolve issues affecting North Country's bankruptcy and may lead to Ascend being able to resolve claims it has in North Country's bankruptcy. Accordingly, Ascend has agreed to waive the conflict. Further, we do not believe there is any material risk that our commitment and dedication to North Country's interests will be adversely affected, and we believe that we will be able to provide competent and diligent representation to North Country. Further, we will not share with Ascend any privileged, sensitive, proprietary, or other confidential information of a nonpublic nature acquired by us as a result of our representation of North Country with Ascend. Nor can or will we share with Ascend any such information regarding North Country.

**FENNEMORE.**

Although there is no requirement that you do so, you may want to consult with independent counsel before deciding whether to consent.

Please review this matter carefully. If you have any questions that you would like me to answer prior to reaching a decision on this issue, please let me know. If you are willing to consent after review, please sign the enclosed copy of this letter below and return it to me.

Sincerely,

FENNEMORE CRAIG, P.C.

Ryan C. Curtis

North Country Healthcare, Inc. understand the risks and alternatives described above and consents to the representations set forth above.

_____          2/17/2026
Anne Newland, MD, MPH                              Date
Chief Executive Officer
North Country Healthcare, Inc.

cc:     Phil Giles
        Allen, Jones & Giles, PLC
        pgiles@bkfirmaz.com

        Joseph Williams
        Gust Rosenfeld, PLC
        jwilliams@gustlaw.com

63392646